OCTOBER 27, 1802.

# Henry Bartlett *v.* The Franklin Co. Court.

## *Upon a Mandamus.*

1. A return to a writ of *mandamus* which states, as a reason for not admitting the plaintiff in the writ to take his seat as a magistrate in the county court, that he had, some five years before, been found, by order of a court, to be a man of unsound mind, but which failed to allege that he was then, and still continued to be of unsound mind, is not sufficient.

2. Mere neglect of duty by a magistrate does not deprive him of his office. There must be a judgment of ouster in a direct proceeding against him for the delinquency.

· In January, 1796, Bartlett was commissioned and qualified as a magistrate for the county of Franklin, but failed (and as it was alleged from an unsound or deranged mind) to sit as a magistrate for several years, during which time the constitution being changed so as to require the two eldest magistrates of the county to be recommended by the county court to the governor for him to appoint one of them as sheriff. Bartlett being the eldest magistrate, and wishing to fill the office of sheriff, in May, 1802, offered to take his seat as a magistrate, but was refused that privilege by the county court, who caused an order to be entered up saying that he "shall not be admitted to a seat as one of that body." An application was then made to the court of appeals, at their April term, 1802, for a mandamus *ni si* against the said county court, which was granted, and on which the county court made the following return:

*Franklin County, sct. County Court, September Term,* 1802.

This court having seen and considered a writ of mandamus awarded by the court of appeals, and to this court directed, to show cause why Harry Bartlett, who was formerly appointed a justice of the peace for the county aforesaid, shall not be permitted to take a seat as a justice of the court for the said county, in obedience to the writ aforesaid, hereby return for cause:

1st. That it appears to this court of record, bearing date June term, 1797, duly entered in the said county court, and remaining

Bartlett *v.* The Franklin County Court.

unrevoked, that the said Harry Bartlett was then taken, deemed and held to be *a man of unsound mind,* and trustees were appointed to take upon themselves the care and management of the estate of the said Bartlett.

2d. That from the said June term, 1797, until the May term, 1802, of this court, the said Harry Bartlett had absented himself from this court, and had not, during the period aforesaid, either by himself or any other, attempted to take a seat in this court; and

3d. This court thinks it both illegal and reproachful that the said Harry Bartlett, who appears to them to be incapable of doing any legal act in his own business, should participate in the judicial administration of the law of the land.

Ordered that the foregoing return to the mandamus aforesaid be certified to the court of appeals.

*A Copy—Teste.*

DANIEL WEISIGER, c. f. c.

At the October term of the court of appeals ensuing, the parties were heard by their counsel, and the court took time to consider thereof; and on the 27th of October, 1802, delivered in their opinion, as follows:

The causes assigned by the justices in their return for not admitting Henry Bartlett, the applicant, to a seat on the bench of the county court, as a member of the said court, appear to be insufficient and unsatisfactory for the following reasons:

*First.* It does not appear that the legal steps were pursued in 1797, when the applicant was declared to be of unsound mind and his estate committed to the care and management of trustees. But if the legal steps had been pursued, and the applicant regularly pronounced a lunatic by a competent jurisdiction, yet, as lunacy is often a malady of short duration, and sufferers under it frequently restored to the full enjoyment of all their mental faculties, it should have appeared (to justify the rejection of the applicant from his seat altogether) that he not only was in the year 1797 but still continues to be of unsound mind, and incapacitated to discharge the duties of the office.

*Second.* In answer to the second cause assigned, it will be sufficient to say that the law has not limited in the case of county court justices what length of absence from duty shall produce a forfeiture of the office, and, therefore, if the applicant has been

guilty of such neglect of duty as will subject him to removal from office by any of the modes pointed out in the constitution, such mode as may be conceived applicable to the case, should only be resorted to.

The third cause assigned contains nothing but the opinion of the justices, and, therefore, requires no answer.

Wherefore, it is considered by the court, that a peremptory mandamus be awarded the plaintiff.