CaeutheRS, J.,
delivered the opinion of the Court.
The question in this case is upon the charge of the Court in relation to the measure of damages claimed by the defendant on his plea, in the nature of a cross-action, of fraud in the sale of slaves.
On the 17th of January, 1857, Gray sold to Whitson a negro woman slave and her child for §1550. The bill of sale recites that the woman was about twenty-five years of age, ap,d warrants the title and soundness. Two notes were given for the price — one for $550, and the other for $1000. The first note has been paid, and upon the last, due 17th January, 1858, this suit was instituted, October 4, 1858. The defence relied upon, is a fraud in the sale, for which defendant claimed damages by ivay of recoupment. The fraud consisted in the false representation that the slave was twenty-five years old, when in fact she was twenty-nine and a half, and this known to the vendor. This plea is sustained by the proof. The Court instructed the jury that for this fraud the vendee was entitled to such damages as may have resulted to him therefrom, as an offset against the not.?. To that point the proof is directed. The witnesses give their opinions as to the difference in value between such a slave of the age of twenty-five *443 and twenty-nine and a half years. They vary from one to three or four hundred dollars in favor of the former age. The Court held, that the measure of damages was the difference between the real value of the slave of the age she really was, and that which she was falsely represented to be. To this there is no objection. But he further held that the plaintiff might prove that she was rvorth, with her child, more than the amount given, even if she had been twenty-nine and a half years old, and if only twenty-five, about $1800. And upon such a state of proof, the defendant would be entitled to no damages, although the fraudulent misrepresentation might be established. He held the law to be, that in order to recover damages against a vendor, it was not enough to show fraud, but, also, some injury or loss to the vendee — that both must concur to authorize a recovery. So wo understand the law to be. But still it is insisted that the rule, that the measure of the damages is the difference between the article as represented, and as it ivas in fact, applies, in such a ease, and confines the vendor to the price paid for the article, as its value, considering it to have been as represented. That is, if such a slave at twenty-five would be worth $1800, with her child, and if twenty-nine and a half, only $1550, the vendee would be entitled to recover the difference between these two sums as damages. In other words, if he got them too low — for less than their real or market value, he would be entitled to the benefit of his bargain. The case of McGavock v. Wood, 1 Sneed, 184, is cited as authority for this position. That was an action upon a warranty of soundness, and, therefore, in affirmance of the contract. But even in that case, it is held that the price given is only a circumstance to show the value at the time of sale, and not conclusive. The case of Allen v. Anderson, 3 Hum., 583, is cited to sustain the position. The case in 1 Sneed reverses the judgment, because the Circuit Judge held the doctrine now contended for by the plaintiff in error. The charge in this case conforms to our opinion in that, so far as the same doctrine applies. But that action was upon a broken contract of warranty. This is for a fraud out *444 side of the warranty. Not a fraud in any matter covered by the warranty-; not in relation to soundness; but a fraud of the subject of the age of the slave, by which the value was affected. The case is to be considered precisely as if an independent action had been brought by the vendee against the vendor for this misrepresentation. He does not go for rescission, but chooses to retain the slaves, and sue for damages. Then, to what extent has he been injured by the fraud, is the question to be tried. There' is surely no way to get at this but to ascertain whether the slave, as represented, was worth less than he gave. If not, he has sustained no loss, but has got the worth of his money, notwithstanding the misrepresentation. It would be a case of fraud, to be sure, but without injury.
The case of Paxley v. Freeman, 3 Tenn. R., 51, and Smith’s Lead. Cases, 55, with the notes, fully establish the principle laid down by his Honor in his charge, that the gist of the action in this kind of case, is the damage sustained by the vendee in consequence of the fraud. Both fraud and injury must concur to sustain such an action. Neither, alone, will be sufficient. This principle has ripened into an axiom in the law.
The evidence comjffained of was properly admitted, and the rule applied to it in the charge was correct. According to this rule and the proof, the jury properly found that, although a misrepresentation was made as to the age of the slave, no injury resulted to the vendee, and, consequently, there was no damage. It was a case of fraud without damage.
It is again insisted that his Honor erred, in not admitting proof to show, as an element of damage, that the woman in four and a half years might have given birth to several children, and that was a proper matter to be considered in estimating the injury resulting from the fraud. This was properly excluded as too remote and uncertain.
The whole charge of the Court was right upon reason and authority, and the judgment is affirmed.