RAY CARTER, INC., and TONY CHOP, Plaintiffs-in-Error,

*v.*

RICKY EDWARDS, a Minor, and BILLY JOE EDWARDS, Defendants-in-Error.

436 S.W.2d 864.

(*Jackson,* April Term, 1968.)

Opinion filed January 22, 1969.

HEWITT P. TOMLIN, JR., Jackson, for plaintiffs-in-error, WALDROP, HALL & TOMLIN, Jackson, of counsel.

L. KIRBY MATHERNE, Brownsville, for defendants-in-error.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

These two suits arose out of an automobile accident which occurred on May 13, 1965, in Crockett County about two miles east of Bells on the Lower Jackson Road. A jury returned verdicts of $40,000.00 and $7,500.00 in favor of plaintiffs, Rickey Edwards, a minor, and his father, Billy Joe Edwards, respectively. The trial judge suggested remittiturs of $15,000.00 and $2,500.00, which plaintiffs accepted. Defendants, Ray Carter, Inc., and Tony Chop, appealed to the Court of Appeals.

The Court of Appeals affirmed the judgments as to liability, but suggested further remittiturs of $5,000.00 and $1,250.00. Plaintiffs accepted these remittiturs. Defendants petitioned this Court for the writ of certiorari which we granted. The matter has been argued at the bar of this Court. We reverse and dismiss the suits.

On the day of the accident, Rickey Edwards, age seventeen, accompanied by three other teenagers, Peggy Church, Sheila Vines and Kenneth Blurton, was driving his father's pickup truck east from Bells along the Lower Jackson Road. Plaintiff lost control of the truck when he drove over the west end of a wooden culvert which had been depressed some eight to twelve inches by a heavy tractor-trailer carrying a bulldozer driven by Tony Chop for defendant, Ray Carter, Inc.

The culvert extended the full width of the road which was approximately eighteen feet. It covered a ditch three feet deep and about six feet across from east to west. The wooden planks were covered with asphalt as was the road. Ordinarily a motorist would not notice the culvert or bridge as he drove over the road.

During the morning prior to the accident, defendant, Tony Chop, an employee of defendant, Ray Carter, Inc.,

a common carrier was driving a tractor and lo-boy trailer with a caterpillar D-8 Bulldozer with blade eastwardly along the Lower Jackson Road and crossed the culvert. The total weight of the truck, trailer and bulldozer was approximately eighty thousand pounds.

The Lower Jackson Road is a county road. It is hilly and has many curves. The culvert had no guardrails, nor were there any signs or markings designating its presence.

On the day before the accident, defendant, Chop, had driven a tractor-trailer with a cargo of comparable size and weight over the same road and crossed the bridge where the accident happened which did not depress the bridge.

Chop admitted he did not inspect the road and culvert prior to driving over the same to see if the weight of the rig might likely do damage to the road. He also admitted he did not inspect the culvert after he had passed over it. In fact, he testified he did not see the culvert nor did he know the culvert had depressed under the weight of the load.

Plaintiffs, in the first count of their declarations, alleged defendants were guilty of common law negligence in the following respects:

(1) Hauling such weight over the road as would damage and weaken the bridge or culvert;

(2) Failure to inspect the bridges on the roads to ascertain if the load could safely be driven over them without damaging them;

(3) Failure to inspect the bridge after it had been crossed to ascertain any damage thereto; and

(4) Failure to erect signs and barricades to warn the public of the damaged bridge.

The second count charged defendants with violation of T.C.A. Sections 59-1101 through 59-1112, as amended, which govern the size, weight and load which may be hauled on public roads and highways of the State. The trial judge directed a verdict in favor of the defendants on this count. Plaintiffs did not appeal and that question was not before the Court of Appeals.

The Court of Appeals held the jury may well have disbelieved the testimony of Chop that he did not see the bridge and did not know the tractor-trailer had caused the bridge to collapse; that the jury could reasonably have found defendant knew the weight of the tractor-trailer had broken the bridge; and that he was guilty of proximate negligence in failing to erect barricades or signs to warn the public. We think this was reversible error.

The undisputed proof is the culvert was covered with asphalt and persons unfamiliar with the road in the vicinity of the culvert would not realize a culvert was there. There were no signs or other warnings of the existence of the culvert.

Chop testified he did not see the bridge nor did he feel a "bump" from any depression caused by the weight of the tractor-trailer.

"Where the testimony of a witness is not contradicted, either by direct evidence or by circumstances inconsistent with its truth, it must be taken as true." *Bank of Hendersonville v. Dozier,* 24 Tenn.App. 178,

142 S.W.2d 191 (1940) ; *Frank v. Wright,* 140 Tenn. 535, 205 S.W. 434 (1917).

The testimony of a party to the cause may not be disregarded where there is no contradiction or impeachment, either direct or circumstantial, and such testimony is unequivocal. *Bank of Hendersonville v. Dozier,* supra.

The testimony of Chop was not impeached nor was it discredited.

The circumstances are not inconsistent with his testimony that he did not see the culvert and did not know the weight of the tractor-trailer and cargo crushed the bridge.

The record shows the unit Chop was driving on the morning of the accident consisted of a tractor-truck with tandem rear wheels and a lo-boy trailer attached with sixteen wheels, mounted on four axles, four wheels to an axle, in two rows of eight. The tractor-truck and lo-boy weighed approximately thirty thousand pounds and the bulldozer fifty thousand pounds. We can readily understand why a driver of such a rig might not feel a bump caused by the wheels of a lo-boy with a load of fifty thousand pounds passing over a depression of eight to twelve inches.

However, it is the theory of plaintiffs defendants were guilty of proximate negligence in driving ''this excessively heavy load on this road, and as a result crushed this bridge.''

It was insufficient to show that the injuries resulted from Chop's action in crossing the culvert. It was neces-

sary also to show he could or should have seen the danger involved.

The record shows the tractor had a front axle and a rear axle with Tandem wheels and the trailer or lo-boy had four axles and sixteen wheels. Thus, the proof shows, and plaintiffs admit, the weight of the unit was not in excess allowed on state highways. The county had no weight limit on its roads.

■ An injury that is the natural and probable consequence of an act of negligence is actionable. But, an injury which could not have been foreseen nor reasonably anticipated as a probable result of an act or omission is not actionable, and such an act is either the remote cause or no cause of the injury. *Moody v. Gulf Refining Company,* 142 Tenn. 280, 218 S.W. 817, 8 A.L.R. 1243 (1919).

■ Negligence, to be actionable, must result in damage to plaintiff which defendant could have reasonably anticipated or foreseen. *Tidwell v. Kay's of Nashville,* 194 Tenn. 205, 250 S.W.2d 75 (1952).

The undisputed proof is the driver of the tractor-trailer did not know the culvert existed nor did he know it had collapsed under the weight of the vehicle and load. He had driven over the same road the day before with a comparable load and the culvert withstood the weight.

■ We are of the opinion the trial judge should have sustained defendants' motion for a directed verdict and the Court of Appeals should have reversed on this point. Accordingly, both judgments are reversed and the suits dismissed at the cost of plaintiffs.

BURNETT, CHIEF JUSTICE, DYER, CRESON and HUMPHREYS, JUSTICES, concur.