**J. B. WILLIAMS, Plaintiff-Appellant,**

v.

**Bill VAN HERSH, James E. Threlkeld and M. N. Murray, Defendants-Appellees.**

Court of Appeals of Tennessee, Western Section.

May 17, 1978.

Rehearing Denied June 28, 1978.

Certiorari Denied by Supreme Court Feb. 26, 1979.

Neely, Green & Fargarson, Memphis, for plaintiff-appellant.

Threlkeld & Howard, P.A., Memphis, for defendants-appellees.

MATHERNE, Judge.

J. B. Williams, the purchaser under a contract to buy realty, sues to rescind the contract on the ground that he was induced to sign by the fraud of the sellers Threlkeld and Murray and their agent Van Hersh. The defendants Threlkeld and Murray filed a counter claim wherein they seek specific performance of the contract, or, in the alternative, damages for the breach thereof. The chancellor dismissed Williams' lawsuit seeking recision and entered judgment in favor of the defendants for specific performance.

## I.

On motion of the defendants the lawsuit was tried before a jury. The determinative issue at trial was whether the defendants Van Hersh and Murray had fraudulently represented to the plaintiff that financing in the sum of $6,000,000 was available to the plaintiff from the New York Life Insurance Company for the development of the realty. The issues submitted to the jury and the answers given are as follows:

## I.

Do you find, from a preponderance of the evidence in this case, that on December 31, 1974, M. N. (Doc) Murray made a false representation to Ed Carey that a commitment had been approved by the New York Life Insurance Company to provide financing for the proposed high-rise office building?

Answer: No.

## II.

Do you find, from a preponderance of the evidence in this case, that on December 31, 1974, Bill Van Hersh made a false representation to J. B. Williams that a commitment had been approved by the New York Life Insurance Company to provide financing for the proposed high-rise office building?

Answer: Yes.

IF YOUR ANSWER TO EITHER OR BOTH OF THE ABOVE ISSUES IS "YES", PROCEED TO ISSUE NUMBER THREE.

## III.

Do you find from a preponderance of the evidence on this case, that J. B. Williams signed the contract of December 31, 1974 because of his reliance upon the aforesaid false representation or representations?

Answer: No.

By two assignments of error the plaintiff raises the one determinative question that Issue No. III was improperly submitted to the jury because the record reveals that there was no factual dispute but that the plaintiff did rely upon the fraudulent representations of Van Hersh.

## II.

■ The plaintiff did not object to the submission of Issue No. III. That question was first presented as Ground I of the plaintiff's Motion for a New Trial. The defendants argue that the plaintiff can not complain of the submission of Issue No. III because he failed to timely object in the trial court. We agree with the defendants.

The submission of issues in a jury trial in chancery was formerly governed by T.C.A. § 21–1014, which required the submission of specific issues to the jury. T.C.A. § 21–1014 was repealed by Chapter 565, Public Acts 1972, and the procedure is now governed by Rule 49, Tennessee Rules of Civil Procedure. Rule 49.01, Special Verdicts, provides as follows:

The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answers or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instructions concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand, the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict.

It is to be noted that Rule 49.01 specifically deals with the situation where the trial court fails to submit all issues of fact raised by the pleadings or the evidence. Rule 49.01 does not, however, specifically deal with the procedure to be followed in the situation where, as here, the judge allegedly submits an improper issue to the jury. We fail to find a reported Tennessee case on the subject.

■ After a review of the authorities from other states and of decisions by the courts of federal jurisdiction, we hold that as a general rule a party who complains of a special issue submitted to the jury under Rule 49.01 must at the trial raise the question in some way, as by objection, exception, motion or request before he can contend on motion for a new trial that the court erred in submitting the particular question to the jury. 66 C.J.S. New Trials § 46 c, p. 158. See also: 1 Gibson's Suits in

Chancery, § 581, (5th Ed. 1955); 5A Moore's Federal Practice, § 49.03, (2nd Ed. 1977); cases annotated at 28 U.S.C.A., Federal Rules of Civil Procedure, Trials, Rule 49, note 14, p. 357.

The chancellor, prior to summations by the attorneys, informed them of the three questions he would submit to the jury. Neither party made any objection nor requested a withdrawal or restatement of any issue. Absent an obvious miscarriage of justice, or situations of extreme hardship or of extraordinary and compelling circumstances, we hold that a party may not acquiesce in the special issues submitted by the court and then, after a verdict unfavorable to him, object to a particular question as submitted.

In the case at bar Issue No. III was properly submitted. One of the elements of positive fraud is that the representation must have been to an existing fact which is material and the plaintiff must have reasonably relied upon that representation to his injury. *Haynes v. Cumberland Builders, Inc.* (Tenn.App.1976) 546 S.W.2d 228, citing: *Whitson v. Gray,* 40 Tenn. 441 (1859); *Dozier v. Hawthorne Development Co.* (1953) 37 Tenn.App. 279, 262 S.W. 705. By its answer to Issue No. III the jury removed the issue of fraud as result of the false representation by Van Hersh to the plaintiff.

## IV.

Even though the plaintiff, under the record, can not assign in this Court error in the submission of Issue No. III, we have reviewed the record in the light of the plaintiff's insistance that there is no factual dispute but that the plaintiff did rely upon the fraudulent representation of Van Hersh.

It is true that the plaintiff testified that Van Hersh verbally assured him that the $6,000,000 loan was available to develop the land to be purchased by the plaintiff, and that he relied on that assurance when he signed the contract to purchase the land for $1,000,000. There being no direct proof to the contrary, the plaintiff insists that his statements in that respect must be accepted as true and the finding by the jury on Issue No. II that Van Hersh did falsely make that representation to the plaintiff entitles the plaintiff to recover.

We disagree with this argument. The record establishes that the plaintiff is an experienced business man. The plaintiff, on cross examination, was unable to state to whom the loan was to be made, when the loan would be made, when and under what terms it would fall due, the rate of interest it was to draw, the security required for the loan or the conditions, if any, the lender would place upon the development. The jury determines the credibility of the witness. In this lawsuit the jury did not believe the plaintiff on the question raised under Issue No. III.

The case of *Ray Carter Inc. v. Edwards* (1969) 222 Tenn. 465, 436 S.W.2d 864, relied upon by the plaintiff, is not in point. Here the testimony of the plaintiff is contradicted "by circumstances inconsistent with its truth" wherein the plaintiff testified that he contracted to purchase real property for $1,100,000 in reliance on the verbal assurance of a real estate agent that a named insurance company would lend to some unnamed party $6,000,000 for the development of the property, at some unknown time, due at some unknown date, at an unknown rate of interest and under unknown conditions that any such lender might attach to the development. The claim of the plaintiff that he relied upon such false assurance is incredible.

All assignments of error are overruled and the decree of the chancellor is affirmed. The cost in this court is adjudged against the appellant and the sureties on his bond, for which execution may issue if necessary. This cause is remanded to the trial court for such proceedings as may be necessary for the enforcement of its decree.

NEARN, J., and DYER, Special Judge, concur.

## ON PETITION TO REHEAR

The appellant filed a Petition to Rehear wherein he claims that an objection was

made to the submission of Issue No. III to the jury. Attached to the petition are the affidavits of the attorney for the appellant, the defendant Threlkeld and the chancellor, all to the effect that the attorney for the appellant did object to the submission of Issue No. III at the time the issues were formulated during a conference between the chancellor and the attorneys. The affidavits show also that the objection was not raised in open court and it is not shown in the record. The thrust of the petition to rehear is a request that this Court hold that the objection was made. We can not so hold.

However, as pointed out in the original opinion Issue No. III was properly submitted to the jury. Reliance upon a representation to the injury of the relying party is a necessary element of fraud. In this lawsuit it matters not whether the appellant objected to Issue No. III, the result would be the same. The jury held that the appellant did not rely upon the representation to his detriment. There is material evidence from which the jury could so conclude. The appellant, under all the proof, was not entitled to recover.

The petition to rehear is overruled.

NEARN, J., and DYER, Special Judge, concur.