OPINION OF THE COURT
Leo J. Fallon, J.
Before the court is an application by defendants pursuant to CPLR 3211 (a) (7) for an order dismissing this action by reason of its failure to state a cause of action. The facts as they pertain to this motion are as follows: The plaintiff in this *280 action was divorced by a judgment of this court filed December 28, 1977 which inter alla awarded joint custody of plaintiffs daughter. The issue of the daughter’s custody came back before the court in the form of a postjudgment application during which the Honorable George F. Francis ordered a forensic examination to aid the court in its determination of that motion. Pursuant to the court’s directive of June 7, 1985, the parties did in fact submit to certain counseling before defendant Kenneth Condrell, the psychologist selected by the court. Ultimately, defendant made certain recommendations to the court relative to custody of the child which are said to have been relied upon by the court in awarding sole custody of the child to plaintiffs former husband.
Plaintiffs complaint alleges three causes of action. The first and second causes of action purport to allege claims for professional malpractice against defendant, whereas the remaining cause of action is characterized as one which sounds in fraud. The gravamen of plaintiffs negligence/malpractice claim is that defendant allegedly took the parties’ "professional relationship beyond the status as a mere court-op-pointed evaluator to a deeper, more significant relationship whereby he counseled the plaintiff vis-a-vis [sic] her relationship with her daughter”. Defendant’s malfeasance is also said to have consisted of his having taken a "more active role in the dynamics of the plaintiffs relationship with her daughter”. Plaintiff cites the decision of the Appellate Division, Fourth Department, in Twitchell v MacKay (78 AD2d 125), in support of her contention that a professional relationship existed between the parties notwithstanding its genesis and that a professional malpractice claim might emerge from such a situation where the treatment rendered deviates from accepted standards of care.
The thrust of defendant’s contention in support of this application is that his treatment, examination, evaluation, recommendation and opinion are immune from forming the basis of a civil action such as this one inasmuch as they were rendered pursuant to a judicial directive and in relation to judicial proceedings (see, Tolisano v Texon, 144 AD2d 267, revd 75 NY2d 732 for the reasons stated in the dissenting opn of the App Div, 1st Dept, opn of Smith, J.; Schiffman v Kaplan, NYLJ, July 31, 1990, at 20, col 3 [Sup Ct, Nassau County]; Ferguson v Wolkin, 131 Misc 2d 304; Davis v Tirrell, 110 Misc 2d 889). He contends that the sole focus of the services he performed in this case was the postjudgment domestic dispute *281 that brought plaintiff and her ex-husband before Justice Francis in June of 1985. With regard to plaintiff’s allegation that he transcended his role in these proceedings by counseling the plaintiff pertaining to her relationship with her daughter, defendant correctly points out that such treatment fell squarely within the realm of Justice Francis’ referral "ordering the child and both parents to be counseled, examined by Dr. Kenneth Condrell”. Indeed, plaintiff’s own bill of particulars in attempting to lend some substance to the general allegations of malfeasance, negligence and malpractice made in her complaint, recites that the injury said to have been proximately caused by defendant’s conduct was the order of Justice Francis transferring custody of the daughter which "made direct reference to the reports and testimony of the defendant”. This is not a situation, therefore, where the malpractice claimed relates to a method of defendant’s treatment but rather from the defendant’s opinion and conclusion with respect to plaintiff’s fitness to be a custodial parent. Plaintiff’s attempt to extend the physician-patient duty expounded in Twitchell v MacKay (supra), must fail by reason of this shortcoming. In short, while plaintiff alleges that defendant was negligent in his counseling of both plaintiff and her daughter, the fact that any such counseling was done under the aegis of and pursuant to the directive of this court in determining the issue of child custody cannot be gainsaid. This court is of the view that the privilege of immunity which usually applies to judicial proceedings also attaches to defendant’s conduct in this case so as to insulate both defendant and his conduct from being the predicate for a subsequent civil action. To the extent that none of the cases previously cited have gone so far as to state that such a privilege extends not only to the examiner’s testimony but also to any reports, recommendations, evaluations, treatment or counseling rendered by him, this appears to be a case of first impression. As was noted by Justice Smith in his dissenting opinion in Tolisano: "[p]ublic policy requires that a witness’s testimony be privileged in order that those called upon to discharge their public duty freely do so with knowledge that they will be insulated from the harassment and financial hazard of subsequent litigation” (144 AD2d, supra, at 271). This court is further persuaded by the approach taken by the District Court of California in a case decided under similar facts which would extend the privilege to an individual such as the defendant herein so long as his or her conduct occurred *282 during the course of the judicial proceedings and was reasonably related to them and provided further that it was connected with and logically related to the purpose of the proceeding (Goatee v Lightner, 224 Cal App 3d 387, 274 Cal Rptr 697 [4th Dist 1990]).
While certain judicially recognized exceptions to the application of this rule have been defined where, for example, one has manipulated the legal process or initiated litigation in order to defame another or where the testimony in the prior proceeding was perjurious and a means to accomplishing a larger fraudulent scheme, none of those situations are here present. Of the three causes of action alleged in this case only the third one comes even close to falling within the ambit of one of these exceptions. However, that cause of action adds only that defendant’s conduct amounts to "fraud and misrepresentation”. Such a case of action clearly fails to meet the specificity requirements of CPLR 3016 (b) (see, Lanzi v Brooks, 43 NY2d 778). Little substance is added to this cause of action by plaintiff’s bill of particulars. Although it avers that defendant misrepresented his proficiency in child custody cases it otherwise does not appear that her reliance on these alleged misrepresentations injured plaintiff. Once again, the only injury alleged in this case relates to the entry of Justice Francis’ custody order. Inasmuch as this element of plaintiff’s fraud cause of action is lacking, it fails to state a cause of action so as to warrant its dismissal.
Accordingly, defendant’s motion is in all respects granted, without costs.