## IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT JACKSON

_____

| | | |
|---|---|---|
| **LAMAR FLETCHER,** | ) | C. A. No. 02A01-9605-CH-00102 |
| | ) | Shelby County Chancery Court |
| | ) | No. 105699-1 R.D. |
| Plaintiff/Appellant. | ) | |
| | ) | HON. NEAL SMALL, CHANCELLOR |
| VS. | ) | |
| | ) | |
| **JOHN W. CAMPBELL,** | ) | **AFFIRMED** |
| | ) | |
| Defendant/Appellee. | ) | OPINION FILED: |
| | ) | |

**FILED**

**October 3, 1996**

**Cecil Crowson, Jr.**
Appellate Court Clerk

**Lamar Fletcher**, Pro Se

**Donnie E. Wilson**, County Attorney, Memphis, Tennessee
**Danny Presley**, Executive Assistant County Attorney, Memphis, Tennessee
For Defendant/Appellee.

_____

### MEMORANDUM OPINION[1]
_____

### FARMER, J.

Plaintiff-Appellant, Lamar Fletcher ("Fletcher"), appearing *pro se*, appeals the trial court's order granting the motion to dismiss filed by Defendant-Appellee, John W. Campbell ("Campbell").

In May 1995, Fletcher filed a complaint for fraud against Campbell. The essence of Fletcher's fraud claim was that Campbell, Fletcher's former attorney, testified untruthfully at a December 1992 hearing held on Fletcher's petition for post-conviction relief in a criminal case[2] and that, relying upon these misrepresentations, the criminal court judge hearing the case denied Fletcher's petition.

---

[1]**Rule 10 (Court of Appeals).** <u>Memorandum Opinion</u>. -- (b) The Court, with concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2]Fletcher's petition for post-conviction relief was based on his claim of ineffective assistance of counsel.

1

Campbell responded to the complaint by filing a motion to dismiss in which he asserted that the complaint was barred by the statute of limitations, that the allegations in the complaint did not state an actionable claim for fraud, and that the complaint failed to state a claim upon which relief could be granted.

Finding that the motion to dismiss was well-taken, the trial court granted the motion and dismissed Fletcher's complaint. On appeal, Fletcher presents the following issues for review, which we have restated for purposes of clarity:

> 1. Whether the trial court erred in dismissing Fletcher's complaint based upon the defense of the statute of limitations.
>
> 2. Whether the trial court erred in dismissing Fletcher's complaint for failure to state a claim upon which relief could be granted.

We conclude that resolution of the second issue is dispositive and affirm. In order to state a claim for fraudulent misrepresentation, the plaintiff must allege, *inter alia*, "that the plaintiff reasonably relied on the misrepresentation and suffered damage." *Stacks v. Saunders*, 812 S.W.2d 587, 592 (Tenn. App. 1990); *accord Metropolitan Gov't v. McKinney*, 852 S.W.2d 233, 237 (Tenn. App. 1992); *Lambdin v. Garland*, 723 S.W.2d 953, 956 (Tenn. App. 1986); *Williams v. Van Hersh*, 578 S.W.2d 373, 376 (Tenn. App. 1978). Here, Fletcher failed to state a claim for fraudulent misrepresentation because, although Fletcher alleged that he was damaged by Campbell's representations, Fletcher failed to allege that he actually relied on the statements. Rather, Fletcher's complaint alleged that he was damaged because of the criminal court's reliance on Fletcher's statements.

This case is analogous to *Deed v. Condrell*, 568 N.Y.S.2d 679 (N.Y. Sup. Ct.), *aff'd*, 579 N.Y.S.2d 930 (N.Y. App. Div. 1991). There, the plaintiff sued a court-appointed psychologist for fraudulent misrepresentation after a court, relying on the psychologist's recommendations, awarded sole custody of the plaintiff's child to the plaintiff's former husband. The basis of the plaintiff's fraud claim was that the psychologist had misrepresented his proficiency in child custody

cases. In its opinion granting the psychologist's motion to dismiss, the court reasoned that:

> Although [the complaint] avers that defendant misrepresented his proficiency in child custody cases it otherwise does not appear that [plaintiff's] reliance on these alleged misrepresentations injured plaintiff. . . . the only injury alleged in this case relates to the entry of [the] custody order.

*Deed v. Condrell*, 568 N.Y.S.2d at 681.

In the present case, the complaint alleged that Campbell made certain misrepresentations which damaged Fletcher. The complaint, however, failed to allege that Fletcher relied upon the statements to his detriment. As in *Deed v. Condrell*, the court issuing the detrimental order, and not the plaintiff, relied on the statements. Under these circumstances, Fletcher's complaint has failed to state a cause of action upon which relief can be granted.

The judgment of the trial court dismissing Fletcher's complaint is affirmed. Costs of this appeal are taxed to Fletcher, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
LILLARD, J. (Concurs)

3