# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 26, 2013 Session

## JAMIE DICKERSON, ET AL. v. RUTHERFORD COUNTY, TENNESSEE

**Direct Appeal from the Circuit Court for Rutherford County**
**No. 61355      Royce Taylor, Judge**

---

**No. M2012-01916-COA-R3-CV - Filed April 11, 2013**

---

Plaintiffs appeal the trial court's award of summary judgment to Rutherford County on the basis of foreseeability and comparative fault in this negligence action under the Governmental Tort Liability Act. We reverse and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

John W. Rodgers and James Patrik Barger, Murfreesboro, Tennessee, for the appellants, Jamie Dickerson and Jeremiah Dickerson.

Roger W. Hudson, Murfreesboro, Tennessee, for the appellee, Rutherford County, Tennessee.

## OPINION

This lawsuit arises from injuries sustained by Plaintiff Jamie Dickerson (Ms. Dickerson) when she suffered a fall in the parking lot of Lane Agri Park ("the Park") in Murfreesboro in November 2009. In September 2010, Ms. Dickerson and her husband, Jeremiah Dickerson (Mr. Dickerson; collectively, "the Dickersons") filed a complaint for damages against Rutherford County ('the County") in the Circuit Court for Rutherford County. In their complaint, the Dickersons asserted that, on November 17, 2009, at approximately 8:30 p.m., Ms. Dickerson and her children exited the Park building to return to her vehicle after attending an event scheduled for home-schooled children. They alleged that the vehicle was parked in the first parking spot nearest the building, next to the curb which was on the left and in front of the vehicle. The Dickersons alleged that when Ms.

Dickerson stepped off the curb into the parking lot, she stepped into a hole in the parking lot asphalt, fracturing and dislocating her ankle. They alleged that the proximity of the hole to the curb and inadequate lighting in the parking lot made the hole difficult to see, and that there was nothing warning Park visitors or invitees of a hole in the asphalt. The Dickersons asserted that the County owed Plaintiff a duty to use ordinary care to maintain the Park premises in a safe condition to avoid injury to visitors; that the hole in the parking lot created an unsafe condition that presented an unreasonable risk of harm; and that the County accordingly breached its duty to maintain the parking lot in a safe condition. They submitted that the County either caused the unsafe condition or knew or, in the exercise of reasonable care, should have known of the existence of a dangerous condition long enough to have discovered and either corrected it or provide adequate warning. The Dickersons alleged that Ms. Dickerson's injuries were proximately caused by the negligence of the County. They further asserted that Mr. Dickerson had incurred damages for loss of consortium. They prayed for damages arising from medical expenses, physical pain and suffering, loss of earning, loss of enjoyment of life, and loss of consortium in an amount to be determined at trial.

The County answered in October 2010, denying that there was a hole or unsafe condition in the parking lot. The County asserted that the parking lot area was lighted and that all conditions were open and obvious to anyone on the property. The County denied any allegation of negligence. It further asserted the defenses of failure to state a claim, comparative fault, and immunity pursuant to the Governmental Tort Liability Act ("GTLA"). It also asserted that the nature and extent of the County's liability, if any, was governed by the GTLA.

In June 2012, the County moved for summary judgment, asserting there were no undisputed issues of material fact and that it was entitled to a judgment as a matter of law. The County also filed a statement of undisputed facts and memorandum of law; the depositions of the Dickersons; an affidavit of Dan Goode (Mr. Goode), the safety coordinator for the County; the deposition testimony of John Benton Mankin, Jr. (Mr. Mankin), the facilities director; and the deposition testimony of Cheryl Hammers (Ms. Hammers), who also home schools her children and attends events with them at the Park. The County asserted that it was undisputed that Ms. Dickerson and her children had visited the Park and the main building numerous times to attend various meetings and classes, and that she had parked in the parking lot in front of the main building both during the day time and at night prior to the day of the accident. The County asserted that Ms. Dickerson was familiar with the shrubbery located near the parking space in which she chose to park; that she was familiar with the lighting in the parking lot; that she had never experienced any difficulties in the parking lot or reported any problems with walking across Park property to the County or anyone at the Park; and that she was familiar with the light posts along the sidewalk area

leading to the main building and had never complained about a lack of lighting. The County also asserted that Ms. Dickerson could not testify with respect to the depth of the hole or "dip" she allegedly stepped into. It further stated that Ms. Dickerson conceded that she did not observe the dip while entering the building, although she claimed to have traversed the same path to and from the building. The County asserted that Ms. Dickerson claimed the area was "pitch-black" when she left the main building on the night she was injured and that "[s]he confirmed that, though she could not see where she was stepping as she left the sidewalk, she proceeded to make the step anyway." The County asserted that Ms. Dickerson "admitted that she could have chosen another route by walking around the bushes and getting to the driver's door of her vehicle from the backside, away from the dip." The County further asserted that the evidence demonstrated that there was nothing obstructing Ms. Dickerson's vision of the parking space when she parked in it on the evening of the accident, and that she "simply did not look at the space about which she now complains." The County further asserted that Ms. Dickerson had no knowledge of how long the alleged condition existed, and that she did not know of any person that put the County on notice of an alleged dangerous condition. The County asserted that its immunity from suit was not removed in this case where there was no evidence that it had actual or constructive notice of any alleged dangerous or defective condition. It further asserted that Ms. Dickerson could not testify with any certainty that she knew what caused her injury where she testified that she "put two and two together" and assumed that some condition in the parking lot caused her to fall. The County further asserted that, assuming immunity was removed under the GTLA, Ms. Dickerson's injuries were not foreseeable where the County had no knowledge of "any condition regarding this parking space." It further asserted that any condition of the space was open and notorious and obvious to anyone. The County asserted that Ms. Dickerson testified that she walked directly through the same area on her way into the building, that she did not look at the pavement, and that her claim that she must have walked over the dip on her way into the building was "self serving." The County asserted that there was no duty upon it to Ms. Dickerson because there was no evidence of a dangerous condition and no evidence that any such condition posed a foreseeable harm of injury. The County additionally asserted that Ms. Dickerson was at least fifty percent at fault for her injuries where she chose to step into what she called a "pitch-black" area rather than take another route to her car or choosing to park in another area of the parking lot.

The Dickersons responded to the County's motion in July 2012. In their response, the Dickersons asserted that many of the facts alleged by the County were in dispute and that the County had failed to meet its burden to negate an essential element of Ms. Dickerson's claim. The Dickersons asserted that Ms. Hammer testified that she noticed the hole in the parking lot near the main building a month or two before Ms. Dickerson fell, and that the County accordingly had constructive notice of the hole and should have discovered it in the exercise of reasonable care. The Dickersons further asserted that the "open and obvious" condition

does not excuse a premises owner from liability, but that the County's duty must be considered in light of the foreseeability and gravity of harm. The Dickersons asserted that it was foreseeable that a park visitor would park in a parking space near the main building and that an injury would occur there. They asserted that, because the parking spot was a "prime" spot near the main building, it was highly foreseeable that someone would park there and thus the County had a higher duty to take measures to prevent an injury there. The Dickersons further asserted that the County's assertion that Ms. Dickerson was at least fifty percent at fault was unsubstantiated.

Following a hearing on July 19, 2012, the trial court granted the County's motion for summary judgment on the basis that the County "could not have reasonably anticipated that Plaintiff would have stepped off the sidewalk into an area she knew was 'pitch black.'" The trial court additionally determined that the facts and reasonable inferences permitted a reasonable person to conclude only that Ms. Dickerson was at least equally at fault for causing her accident. The trial court entered summary judgment in favor of the County and dismissed the Dickersons' complaint. The Dickersons filed a timely notice of appeal to this Court.

### *Issue Presented*

The sole issue presented by the Dickersons on appeal, as slightly reworded, is whether the trial court erred by awarding summary judgment to the County. The County presents the following additional issues, as slightly reworded:

(1)     Whether sovereign immunity is removed in this case.

(2)     If sovereign immunity is removed, whether the County is "responsible for the accident and injury to the Plaintiff."

(3)     If sovereign immunity is removed and the County is liable, what is the percentage of fault that should be assessed to Ms. Dickerson?

### *Standard of Review*

We review a trial court's award of summary judgment *de novo*, with no presumption of correctness. When reviewing an award of summary judgment, we must consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted). Summary judgment is appropriate only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits

... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id*. at 83 (quoting Tenn. R. Civ. P. 56.04; accord *Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000)). The burden of persuasion is on the moving party to demonstrate, by a properly supported motion, that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* (citing *see Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). A defendant moving for summary judgment on the basis of an affirmative defense shifts the burden of production to the nonmoving party by asserting undisputed facts that demonstrate the existence of that affirmative defense. *Riddle v. Carlton*, No. W2011–02145–COA–R3–CV, 2012 WL 1948870, at *2 (Tenn. Ct. App. May 31, 2012)(*no perm. app. filed*)(citing *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 9 n. 6 (Tenn. 2008)).

### *Discussion*

In this case, the trial court awarded summary judgment to the County upon determining 1) that the County "could not have reasonably anticipated that [Ms. Dickerson] would have stepped off the sidewalk into an area she knew was 'pitch black[,]'" and 2) that Ms. Dickerson was at least fifty percent at fault. We turn first to whether the trial court erred by awarding summary judgment to Rutherford County upon determining that, as a matter of law, Ms. Dickerson's injury was not foreseeable.

Negligence is not "presumed by the mere happening of an injury or accident." *Friedenstab v. Short*, 174 S.W.3d 217, 219 (Tenn. Ct. App. 2004)(quoting *Brackman v. Adrian*, 472 S.W.2d 735, 739 (Tenn. Ct. App. 1971)). The plaintiff in a premises liability action must prove the existence of a dangerous or defective condition that

> (1) was caused or created by the owner, operator, or his agent, or (2) if the condition was created by someone other than the owner, operator, or his agent, there must be actual or constructive notice on the part of the owner or operator that the condition existed prior to the accident.

*Martin v. Washmaster Auto Center, USA*, 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996)(citations omitted). Constructive knowledge may be demonstrated by proving that "the dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of such condition." *Id.* (citing *Simmons v. Sears, Roebuck and Co.*, 713 S.W.2d 640, 641 (Tenn. 1986)). The notice requirement may also be met by proving that the Defendant's method of operation resulted in a foreseeable hazardous situation. *Id.*

The risk of harm is foreseeable when ""a reasonable person could foresee the probability of its occurrence or if the person was on notice that the likelihood of danger to the party to whom is owed a duty is probable."" *Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 820 (Tenn. 2008)(citations omitted)(quoting *West v. E. Tenn. Pioneer Oil Co.*, 172 S.W.3d 545, 551 (Tenn. 2005)(quoting *Doe v. Linder Constr. Co*, 845 S.W.2d 173 (Tenn. 1992))). The foreseeability of harm is to be determined as of the time the acts or omissions alleged to be negligent occurred. *Doe v. Linder Const. Co., Inc.*, 845 S.W.2d 173, 178 (Tenn. 1992). The plaintiff must demonstrate that the injury sustained was "a reasonably foreseeable probability, not just a remote possibility, and that some action within the [defendant's] power more probably than not would have prevented the injury." *Id.*

In this case, the County does not contend that it does not have a duty to make the Park parking lot reasonably safe. Rather, the trial court determined, as a matter of law, that the County did not owe a duty to Ms. Dickerson because it could not have foreseen that she would have stepped off the curb to enter her car in an area that was dark. We must disagree.

It is undisputed in this case that Ms. Dickerson fell when she stepped off the curb into the parking lot to enter her vehicle, that Ms. Dickerson's vehicle was parked in the parking space nearest the main building of the Park, and that the parking space was adjacent to the curb. It also is undisputed that the incident occurred while the Park was open, after an event held for children. Viewing the facts in a light most favorable to the Dickersons, the nonmoving party, Ms. Dickerson stepped into a hole or depression in the parking lot when she stepped off the curb. Notwithstanding the County's argument that Ms. Dickerson could have chosen to park in a different parking spot, it was eminently foreseeable that a Park visitor would park in the parking spot nearest the building, particularly when she anticipated returning to her car after dark after participating in a regularly scheduled meeting or event. As Ms. Hammer stated in her deposition, the parking spots nearest the building were favored by visitors. It also is foreseeable that a Park visitor would step off the sidewalk to approach the driver's side door of her vehicle rather than walking around shrubbery to approach her vehicle from the rear in the dark. In this case, the County reasonably should have been aware of the probability that a Park visitor would park in a parking space nearest the building during evening hours, and that she would approach her car by stepping off the curb near the driver's side of the vehicle. We accordingly reverse summary judgment in favor of the County on the basis of foreseeability in the context of duty.

We turn next to the trial court's award of summary judgment to the County based on its determination that Ms. Dickerson was at least fifty percent at fault for her injuries. The comparative fault of the parties is generally a question of fact for the trier of fact. *E.g., Green v. Roberts*, No. M2012–00214–COA–R3–CV, 2012 WL 4858992, at \*4 (Tenn. Ct. App. Oct. 11, 2012), *perm. app. denied* (Tenn. Feb. 12, 2013)(citations omitted). Summary

judgment on the basis of a plaintiff's comparative fault is appropriate only where reasonable minds could conclude only that the fault of the plaintiff was at least as great as the fault of the defendant. *Id.* (citation omitted). The trial court in this case determined that no reasonable jury could conclude that Ms. Dickerson was not at least fifty percent at fault for her injuries because she unreasonably stepped into the dark parking lot. In its brief, the County asserts that Ms. Dickerson "would have never encountered the dip if she had simply gone around and come up from the back of the truck," and that no reasonable jury could find that Ms. Dickerson was not at least fifty percent at fault for failing to exercise this option. However, as noted above, it is undisputed in this case that Ms. Dickerson fell as she stepped off the curb into the first parking spot nearest the main Park building. We also note that Ms. Hammer testified in her deposition that the parking space was difficult to navigate because of the shrubbery surrounding the area. Under the circumstances of this case, it is within the province of the trier of fact to determine the comparative fault of the parties.

We next turn to the County's assertion that sovereign immunity is not removed in this case. In its motion for summary judgment and its brief to this Court, the County submits that its immunity is not removed under the GTLA because there is no evidence that it had actual or constructive notice of any dangerous or defective condition. The GTLA provides, in relevant part:

> (a) Immunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement owned and controlled by such governmental entity.
> (b) Immunity is not removed for latent defective conditions, nor shall this section apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved in addition to the procedural notice required by § 29-20-302 [repealed].

Tenn. Code Ann. § 29-20-204(2012). Accordingly, a plaintiff in an action under the GTLA is required to allege and prove that the governmental entity had actual or constructive notice of the alleged dangerous or defective condition. *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 15 (Tenn. 1997).

Constructive knowledge is defined as ""information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it."" *Id.* (quoting *Kirby v. Macon County*, 892 S.W.2d 403, 409 (Tenn.1994) (quoting Black's Law Dictionary, 1062 (6th ed.1990))). "Applying that definition, a governmental entity will be charged with constructive notice of a fact or information, if the

fact or information could have been discovered by reasonable diligence and the governmental entity had a duty to exercise reasonable diligence to inquire into the matter." *Id.*

Based upon our review of the record, summary judgment on the basis of notice was not appropriate in this case. The County does not submit that it does not have a duty to exercise reasonable diligence to maintain the Park parking lot in a safe condition. Rather, it asserts only that it had no notice of any dangerous or defective condition. Upon review of the record, we note that Ms. Hammer stated in her deposition that she noticed "the little hole" near the parking spot "probably a month or two prior to" Ms. Dickerson's fall. Accordingly, the question of whether the County had constructive notice is a disputed issue of fact to be determined by the finder of fact in this case.

We next turn to the County's assertion that it was not "responsible" for Ms. Dickerson's fall. The County's argument with respect to this issue, as we understand it, is that the record does not contain sufficient proof to demonstrate that any condition in the parking lot caused Ms. Dickerson to fall, that it had no notice of any dangerous condition, and that Ms. Dickerson's injury was not foreseeable.

The courts have developed a three-pronged test to establish proximate cause: (1) the conduct of the defendant must have been a "substantial factor" in causing the injury; and (2) no rule or policy relieves the wrongdoer from liability; and (3) the harm or injury could have been reasonably foreseen or anticipated "by a person of ordinary intelligence and prudence." *Hale v. Ostrow*, 166 S.W.3d 713, 719 (Tenn. 2005) (citations omitted). Proximate causation is generally an issue of fact for the finder of fact. *Id.* at 718. In the context of proximate cause, "'an injury which could not have been foreseen nor reasonably anticipated as a probable result of an act or omission is not actionable, and such an act is either the remote cause or no cause of the injury.'" *Willis v. Settle*, 162 S.W.3d 169, 181 (Tenn. Ct. App. 2004)(quoting *Ray Carter, Inc. v. Edwards*, 436 S.W.2d 864, 867 (Tenn. 1969)). "Foreseeability is the test of negligence." *Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 820 (Tenn. 2008)(citations omitted). The requirement of foreseeability

> is not so strict as to require the tortfeasor to foresee the exact manner in which the injury takes place, provided it is determined that the tortfeasor could foresee, or through the exercise of reasonable diligence should have foreseen, the general manner in which the injury or loss occurred. The fact that an accident may be freakish does not per se make it unpredictable or unforeseen. It is sufficient that harm in the abstract could reasonably be foreseen.

*Willis*, 162 S.W.3d at 181 (internal citations and quotation marks omitted) (quoting *McClenahan v. Cooley*, 806 S.W.2d 767, 775 (Tenn.1991)).

Unlike foreseeability in the context of duty, foreseeability in the context of proximate cause is a question of fact to be determined by the trier of fact. *Id.* (citing *City of Elizabethton v. Sluder*, 534 S.W.2d 115 (Tenn. 1976)). Additionally, in order to be entitled to summary judgment, the moving party must either (1) affirmatively negate an essential element of the nonmoving party's claim; or (2) show that the nonmoving party cannot prove an essential element at trial. *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8–9 (Tenn. 2008). Under *Hannan*, it is not sufficient that a party moving for summary judgment assert that the nonmoving party "lacks evidence to prove an essential element of its claim." *Id.* at 8. In this case, whether the hole or dip or depression, as it has been alternately characterized by the parties, in fact caused Ms. Dickerson to fall; whether the harm and injury to Ms. Dickerson were reasonably foreseeable; and whether the County's conduct was a substantial factor in causing Ms. Dickerson's injury are properly within the province of the finder of fact.

### *Holding*

In light of the foregoing, we reverse the award of summary judgment to Rutherford County. Costs of this appeal are taxed to the Appellee, Rutherford County. This matter is remanded to the trial court for further proceedings.

_____
DAVID R. FARMER, JUDGE