Tripi v Alabiso (2020 NY Slip Op 07786)





Tripi v Alabiso


2020 NY Slip Op 07786


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, TROUTMAN, AND DEJOSEPH, JJ.


1053 CA 20-00383

[*1]JOANNA TRIPI, PLAINTIFF-APPELLANT,
v
FRANK P. ALABISO, PH.D., DEFENDANT-RESPONDENT. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (JILL L. YONKERS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HURWITZ & FINE, P.C., BUFFALO (ANDREA SCHILLACI OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered February 14, 2020. The order granted the motion of defendant to dismiss the complaint and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages under several legal theories, all arising from a psychological evaluation that defendant performed of plaintiff and her former husband for child custody purposes. The psychological evaluation was completed pursuant to a court order and upon the stipulation of the parties. Plaintiff appeals from an order granting defendant's motion to dismiss the complaint. We affirm.
Contrary to plaintiff's contention, Supreme Court properly concluded that plaintiff failed to "establish[ ] that additional discovery would disclose facts 'essential to justify opposition' to defendant's motion" (Bouley v Bouley, 19 AD3d 1049, 1051 [4th Dept 2005], quoting CPLR 3211 [d]; see Gillies v National Fire Ins. Co. of Hartford, 56 AD3d 1236, 1238 [4th Dept 2008], lv denied 12 NY3d 702 [2009]).
Contrary to plaintiff's further contention, the court properly dismissed the complaint based on the doctrine of judicial immunity. It is well settled that " 'neutrally positioned government officials, regardless of title, who are delegated judicial or quasi-judicial functions should . . . not be shackled with the fear of civil retribution for their acts' " (Mosher-Simons v County of Allegany, 99 NY2d 214, 220 [2002]). " '[T]he common law provide[s] absolute immunity from subsequent damages liability for all persons—governmental or otherwise—who [a]re integral parts of the judicial process' " (id., quoting Briscoe v LaHue, 460 US 325, 335 [1983]). We agree with the court here that "defendant has judicial immunity from suit regarding the work he performed as a court-appointed forensic psychiatric expert in connection with . . . plaintiff's child custody litigation" (Hom v Reubins, 268 AD2d 461, 461 [2d Dept 2000], appeal dismissed 95 NY2d 886 [2000]; see Bridget M. v Billick, 36 AD3d 489, 490 [1st Dept 2007]; Deed v Condrell, 150 Misc 2d 279, 280-282 [Sup Ct, Erie County 1991], affd for reasons stated 177 AD2d 1055 [4th Dept 1991]). Thus, plaintiff's contentions concerning the sufficiency of the allegations with respect to any of the particular causes of action do not require a different result.
We have considered plaintiff's remaining contention and conclude that it does not require modification or reversal of the order.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court