Bobby SIMMONS, and Wife Sheila
Simmons, Appellants,

v.

SEARS, ROEBUCK AND CO., Appellee.

Supreme Court of Tennessee,
at Knoxville.

June 2, 1986.

Martin L. Ellis, Steven Boyd Johnson,
Butler, Vines, Babb & Threadgill, Knoxville, for appellants.

Norman H. Williams, Robertson, Williams, Ingram & Overby, Knoxville, for
appellees.

## OPINION

COOPER, Justice.

This is an action to recover damages for injuries sustained by plaintiff, Bobby E. Simmons, in a fall on steps located on premises of the defendant, Sears, Roebuck and Company. The trial court directed a verdict for the defendant at the close of the plaintiffs' proof. A divided Court of Appeals affirmed. We granted an appeal to determine whether the evidence, when considered in the light most favorable to the plaintiffs, makes out a *prima facie* case of liability against the defendant. From our review of the record, we are of the opinion that it does and that it was error to direct a verdict for the defendant.

The record shows that at about 6:00 p.m. on May 19, 1980, the plaintiff accompanied his friend, John Cooper, to Sears to purchase some small tools. The tools were displayed and sold in the basement of Sears. The stairway leading to the basement is located near the Pearl Street entrance to Sears. There is a concession stand near the head of the stairway, where customers can purchase soft drinks, peanuts, popcorn, and the like for consumption within the store. It is not uncommon for there to be debris on the floor from the concession purchases.

Defendant's employees thoroughly sweep or vacuum the entire store each day before opening. After 1:00 p.m., the maintenance staff is reduced to one man who is on call to cleanup spills in addition to other duties assigned to him. The maintenance man also attempts to visit each department of the store during the afternoon and evening hours for cleanup purposes.

The stairway to the basement consists of ten terrazzo steps from the building's main floor to a landing and ten to twelve more steps to the basement. Plaintiff and his friend negotiated the first set of stairs and the landing without incident, though they did note considerable debris on the stairs. When plaintiff reached the second or third step of the second flight of stairs, he "stepped on something" with his right foot

and his foot "rolled completely out from under [him]." When this happened, plaintiff lost his balance and "fell on the lower part of [his] back and bounced down the steps." The plaintiff did not undertake to identify the object or objects that caused his fall other than referring to it as "something" that rolled under his foot.

After plaintiff fell, a pencil was found on the stairs at the approximate location of plaintiff's fall. There is nothing in the record to indicate who dropped the pencil or whether it is of the type used by employees of Sears, nor is there any direct evidence to show how long the pencil had been on the stairway. Noting this, the trial court and the majority of the Court of Appeals concluded that the plaintiff had failed to carry his burden of showing that Sears had actual or constructive knowledge of the dangerous condition of the stairs in sufficient time to rectify the condition, and directed a verdict for the defendant. In our opinion this conclusion overlooks other material evidence having a bearing on the issue of causation, on knowledge by Sears of what could be termed a dangerous condition on the stairway, and whether Sears had or should have had knowledge of the condition of the stairways in sufficient time to correct the condition before plaintiff's fall.

The duty owed a customer by a proprietor of a place of business "is to exercise reasonable care to keep the premises in a reasonably safe and suitable condition, including the duty of removing or warning against a dangerous condition traceable to persons for whom the proprietor is not responsible ... if the circumstances of time and place are such that by the exercise of reasonable care the proprietor should have become aware of such condition." *Allison v. Blount National Bank*, 54 Tenn. App. 359, 390 S.W.2d 716, 718 (1965).

A customer confirmed the finding of the pencil on the steps. He also testified as follows:

Q. And you went back up those steps?

A. Yes, sir.

Q. And you say you saw popcorn?

A. Yeah, I did. There was debris on the stairs.

Q. Well, tell us what you saw there.

A. Popcorn—

Q. How much popcorn?

A. Peanuts. Oh—

Q. How many peanuts?

A. Oh, seven or eight peanuts, maybe twenty or thirty pieces of popcorn, like a kid spilled some popcorn or something.

Q. Do you know how long it had been there?

A. No, sir. It was dirty. I mean, you know, it had been walked on.

Q. It could have been walked on by the people that just went up ahead of you?

A. Yes, sir.

Q. Just seconds before you went up?

A. No, I wouldn't think so. It was dirtier than that.

Q. Where was this popcorn and these peanuts?

A. It was all over the steps. It was like—you know, if you drop something in an aisle where people walk, after they walk on it, it will go to the sides. There wasn't too much of it in the middle.

The customer further testified that he had observed several of Sears' employees going up and down the stairway during the fifteen minute period preceding plaintiff's fall, and that "the debris, the peanuts, the popcorn bags, the cups" were obvious to those employees.

■ In our opinion, a trier of fact could conclude from the testimony of the customer that a grain of popcorn or a peanut could have caused the plaintiff's foot to roll, as well as the pencil found on the steps, and that the leaving to the jury's determination the exact object causing the fall would not render the issue of causation speculative. *See Stringer v. Cooper*, 486

S.W.2d 751 (Tenn.App.1972), wherein it is pointed out:

> If a defendant is responsible for negligently permitting several objects to be on the floor, he would be responsible for each one of them and it would make no difference which particular one caused the fall.

*Id.*, at 756.

█ Further, as is pointed out in the dissenting opinion filed in this case in the Court of Appeals, "it may be reasonably inferred [from the evidence] that defendant had no policy to systematically clean the floor and stairways of trash and other debris that accumulated throughout the day and there is ample evidence from which the triers of fact could conclude that the defendant did not maintain the stairway in a reasonably safe condition. It may also be inferred from the evidence that the debris, including the pencil, had been trampled on repeatedly prior to plaintiff's fall." Moreover, the failure of Sears' employees, who traversed the area in the fifteen minute period prior to plaintiff's fall, to see the condition does not remove from the triers of fact the issue of whether the defendant reasonably should have known of the debris on the stairway or its obvious danger. *Henson v. F.W. Woolworth Co.*, 537 S.W.2d 923 (Tenn.App.1974). In our opinion, as we view the evidence, a trier of fact could reasonably conclude that Sears had constructive knowledge of the condition of the stairs in sufficient time to have removed the debris or have warned customers using the stairway of its condition and, in failing to do so, was guilty of negligence that proximately caused plaintiff to fall and be injured. It follows that a directed verdict for the defendant was error.

The judgment for defendant is reversed and the cause is remanded to the trial court for trial. Costs incident to the appeal will be paid by Sears, Roebuck and Company.

BROCK, C.J., and FONES, HARBISON, and DROWOTA, JJ., concur.