Gloria KEENE and husband, Edward Keene, Plaintiffs/Appellants,

v.

CRACKER BARREL OLD COUNTRY STORE, INC., Defendant/Appellee.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Dec. 31, 1992.

Application for Permission to Appeal Denied by Supreme Court May 3, 1993.

Keith V. Moore, Memphis, for plaintiffs-appellants.

Martin D. Holmes, Stewart, Estes & Donnell, Nashville, for defendant-appellee.

## OPINION

LEWIS, Judge.

This is an appeal by plaintiffs from the trial court's granting of the defendant's motion for summary judgment and dismissal of plaintiffs' complaint.

Plaintiffs have presented three issues, all of which raise the single issue of whether the trial court erred in granting defendant's motion for summary judgment.

This case arose out of the following facts and circumstances:

Plaintiff Gloria Keene had traveled to Knoxville and Lenoir City, Tennessee, from Memphis to visit her daughter, where she spent three days prior to 27 July 1987. Plaintiff's sister and granddaughter traveled with her. On 27 July 1987, they left East Tennessee traveling to Memphis.

On the way home they stopped at a Cracker Barrel restaurant in Nashville sometime between 11:00 a.m. and 12:00 noon on the 27th. They had stopped at this Cracker Barrel restaurant on a number of occasions in traveling from Knoxville to Memphis.

Plaintiff, together with her sister Alice Cook and her granddaughter Natalie, went

inside the Cracker Barrel restaurant. Alice Cook went to the rest room and plaintiff and her granddaughter looked for a toy in the merchandise section of the store.

Plaintiff and Natalie were joined by Mrs. Cook at the hostess stand. The hostess asked where they would like to be seated, and they elected to sit in the smoking area. They were directed to follow the hostess to their seats. They walked past the kitchen area through the non-smoking area and arrived at the area where they were to be seated. They were walking in single file with the hostess leading the way with plaintiff, granddaughter and Mrs. Cook following. As they walked into the dining area, plaintiff turned to her left. As she turned, she stepped on something. Both of her feet flew from under her and she fell on her left side, causing some paralysis on the left side and causing her to be rendered unconscious for a short period of time. Plaintiff at that time told her sister that she could not move her left arm. Plaintiff became cold and clammy and was going in and out of consciousness. Thus, she is able to remember only small bits and pieces of what occurred following her fall. She became nauseated and was moved several feet along the floor and propped up against a chair. A retired nurse was present at the restaurant and informed them that plaintiff was in shock. Plaintiff became sick at her stomach and threw up. An ambulance was called and she was taken to St. Thomas Hospital in Nashville. Mrs. Cook testified that she was too busy with plaintiff and Natalie to investigate the fall. She testified that her sister was deathly ill and was hurting; that she was paralyzed on her left side and could not move her arm or leg. She testified that her sister became cold, clammy and nauseated and she was told by a nurse that her sister was going in and out of shock.

After plaintiff was taken by ambulance to St. Thomas Hospital, she was moved to a Memphis hospital where she was to undergo surgery for the broken hip. Mrs. Cook attempted to follow the ambulance to St. Thomas, but was unable to keep up since she was unfamiliar with Nashville. She stopped at another hospital where one of the hospital personnel called and located plaintiff at St. Thomas. When Mrs. Cook arrived at St. Thomas, plaintiff had been undressed, was in a gown, and was on her way to have X-rays made. Mrs. Cook was given plaintiff's handbag and found her blouse, underclothes and slacks folded at the end of the emergency room table. She did not unfold the clothes, but did take them with her to Memphis. Sometime within the next two days, Mrs. Cook unfolded plaintiff's clothes and at that time noticed a large dark or black greasy spot approximately the size of a silver dollar on the left hip area of the slacks and a smaller spot lower down about the size of a quarter. In an affidavit, she said these spots were from a food or gravy-type grease as opposed to other types of grease.

Mrs. Cook stated in her deposition that she was not thinking about the slacks as evidence and that she washed them a number of times until the spots were removed.

The evidence shows that the Cracker Barrel specializes in home-style or country cooking, utilizing a number of dishes with gravies and sauces. The food is prepared in the kitchen and is delivered to customers who have been seated at tables and have ordered from the menu. There is no occasion for customers to transport food to or from the tables. Upon completion of the meal, leftover food is removed by defendant's employees and taken back to the kitchen for disposal. The only time food is in a common area is when it is in the possession of an employee of Cracker Barrel.

Subsequent to plaintiff's first injury, a broken hip, plaintiff suffered a second broken hip when the hip first broken gave way and resulted in a fall which caused the other hip to break. Plaintiff suffers from a condition known as avascular necrosis, which is a loss or diminished supply of blood to the traumatized bone.

■ As a general rule, negligence cases are not amenable to disposition under Tennessee Rule of Civil Procedure 56 summary judgment proceedings unless, from all of the facts together with the inferences to be

drawn from the facts, the facts and inferences are so certain and uncontroverted that reasonable minds must agree.

We vacate the summary judgments and remand since summary judgments generally are not appropriate in negligence actions. *Bowman v. Henard,* 547 S.W.2d 527 (Tenn.1977). The Supreme Court, in discussing duties of the trial judge when a summary judgment is sought pursuant to T.R.C.P., Rule 56 said:

Where there does exist a dispute as to facts which are deemed material by the trial court, however, or *where there is uncertainty* as to whether there may be such a dispute, the duty of the trial court is clear. He is to overrule any motion for summary judgment in such cases, because summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues.

*Evco Corporation v. Ross,* 528 S.W.2d 20, 25 (Tenn.1975).

This court in *Taylor v. Nashville Banner Pub. Co.,* 573 S.W.2d 476 (Tenn.App. 1978), further observed:

The party who moves for summary judgment has the burden of showing that no genuine issue of material fact exists, and in ruling on the motion the court must view the record in the light most favorable to the motion's opponent. *Id.* at 480. [Citation omitted.]

In negligence cases, summary judgment is only appropriate when the inferences which may be drawn from the uncontroverted facts are so certain that all reasonable persons must agree on them. *Brookins v. The Round Table, Inc.,* 624 S.W.2d 547 (Tenn.1981). Conversely stated, if the facts are uncontroverted, summary judgment is inappropriate if reasonable minds could differ as to the inferences to be drawn therefrom. *Prescott v. Adams,* 627 S.W.2d 134 (Tenn. App.1981).

*Wolfe v. Hart,* 679 S.W.2d 455, 457 (Tenn. App.1984).

In considering the evidence when a motion for summary judgment is made, the trial court, and this Court on appeal, must view the evidence in the light most favorable to the opponent of the motion and disregard all evidence to the contrary. *Wyatt v. Winnebago Industries, Inc.,* 566 S.W.2d 276, 279 (Tenn.App.1977).

In a negligence case, the plaintiff has the burden of proving that the defendant owed the plaintiff a duty, that the defendant breached that duty and that the plaintiff was injured as a result of the breach of the duty. *Benson v. H.G. Hill Stores, Inc.,* 699 S.W.2d 560, 562 (Tenn. App.1985).

In the instant case, it is uncontroverted that plaintiff was an invitee in the defendant's restaurant and that she was entitled to the care and duty imposed upon the defendant by the law of this state. The question for the jury to determine in this case was whether the defendant breached its duty to the plaintiff which caused her injury. Duty in slip and fall cases is divided into essentially two categories. First, cases where the dangerous condition which caused the fall was the result of some act or thing occasioned by the defendant; and secondly, dangerous conditions which are the result of some act or thing occasioned by others.

Before an owner or operator of a premises can be held liable for negligence in allowing a dangerous or defective condition to exist on the premises, it must have been created by the owner or operator or his agent or, if the condition was created by someone else, there must be actual or constructive notice on the part of the owner or operator that the condition existed prior to the injury. [citation omitted.]

The theory of the plaintiff in the instant case is that the defendant, through its agents, servants or employees, created the condition which caused the injury and that therefore the defendant is liable for the acts of its agents, servants or employees and the resultant injury caused by these acts.

Facts relating to human life, health and habits, and management and conduct of businesses which are of common

knowledge may be judicially noticed. See authorities annotated in 9 Tenn. Dig. Evidence §§ 14, 20. Such matters may be properly considered by a jury in its determination of the inferences to be drawn from proven circumstantial facts.

In the present case, the jury would be entitled to consider the various inferences to be drawn from the proven facts and to determine which in its judgment is the most probable. The jury is not permitted to speculate as to which of two equally probable inferences is applicable, but such is not the situation in the present case.

*Benson,* 699 S.W.2d at 563.

In the instant case, taking the facts and the inferences to be drawn from them in the best light so far as the plaintiff is concerned and disregarding all else, the following is shown: Plaintiff, her sister, and granddaughter, entered the defendant's premises and were accepted as patrons. Defendant's employee directed the plaintiff, her sister, and granddaughter along aisles or passageways to a table where plaintiff's foot or feet came in contact with a slick substance. Plaintiff's feet flew out from under her and she fell and received serious and painful injuries. Dark, greasy food stains were found on plaintiff's clothes at the left hip area and further down her leg. Defendant prepared food in the kitchen area which was served by employees of the defendant to customers seated in areas designated by the defendant's employees. At the conclusion of a meal, all leftover food was transported by defendant's employees back to the kitchen area to be disposed of.

We are of the opinion that the jury, using its common knowledge and experience, could infer the following:

Plaintiff was an invitee and entitled to due care at the hands of defendant; that the manner of her fall, with her feet flying out from under her, supports the testimony that she stepped on a slippery substance. The jury could further infer from their common knowledge that one who stubs a toe and trips will fall forward and land in a manner entirely different than that described by the plaintiff and her sister. The jury could infer that the grease spots on the left hip area of plaintiff's slacks were from food and that they got on her clothing in the fall since they were found in the area of impact and there was no other explanation; that the substance on the floor which caused the fall was the fault of the defendant who serves gravies and greasy dishes and who transports these foods to and from the tables; that customers are seated and served at the tables and have no reasonable purpose to have food with them in the common passageway area; that, therefore, the only reasonable inference is that the slippery, greasy substance was deposited on the floor by defendant's employees in transporting the food to and from the tables.

We are of the opinion that the facts and the reasonable inferences to be drawn from those facts make a prima facie case for the plaintiff and render summary judgment inappropriate.

We are therefore of the opinion that the trial court erred in granting defendant's motion for summary judgment.

It therefore results that the judgment of the trial court is reversed and the cause remanded to the trial court for trial and for the collection of costs which are assessed to defendant, Cracker Barrel Old Country Store, Inc.

TODD, P.J., and CANTRELL, J., concur.