MICHELLE CREIGHTON TERRY,  )
  )
    Plaintiff/Appellant,  )
  )    **Davidson County Circuit**
  )    **No. 96C-1225**
VS.  )
  )
  )    **Appeal No.**
  )    **01A01-9609-CV-00447**
GARY D. NIBLACK, M.D. and  )
LABORATORY INVESTMENTS, INC., )
d/b/a GENE PROOF TECHNOLOGIES, )
  )
    Defendants/Appellees.  )

**FILED**

**March 12, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEAL FROM CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

HONORABLE HAMILTON V. GAYDEN, JR., JUDGE

Carol L. Soloman, #6649
L.R. Demarco, #2652
Washington Square, Suite 400
214 Second Avenue No.
Nashville, TN 37201-1602
ATTORNEY FOR PLAINTIFF/APPELLANT


Michael M. Castellarin, #12015
Moody, Whitfield & Castellarin
95 White Bridge Road
Suite 509, Cavalier Building
Nashville, TN 37205-1427
ATTORNEYS FOR DEFENDANTS/APPELLEES

**REVERSED, VACATED AND REMANDED.**

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

| | |
|---|---|
| **MICHELLE CREIGHTON TERRY,** | ) |
| | ) |
| **Plaintiff/Appellant,** | ) |
| | )     **Davidson County Circuit** |
| | )     **No. 96C-1225** |
| **VS.** | ) |
| | )     **Appeal No.** |
| | )     **01A01-9609-CV-00447** |
| **GARY D. NIBLACK, M.D. and** | ) |
| **LABORATORY INVESTMENTS, INC.,** | ) |
| **d/b/a GENE PROOF TECHNOLOGIES,** | ) |
| | ) |
| **Defendants/Appellees.** | ) |

# O P I N I O N

The plaintiff, Michelle Creighton Terry, has appealed from the dismissal of her suit against the defendants, Gary D. Niblack, M.D. and Laboratory Investments, Inc., d/b/a Gene Proof Technologies, for damages resulting from an erroneous result or report of result of a test for paternity, and failure to timely notify plaintiff of the error.

The judgment of the Trial Court states that the cause was heard upon defendants' motion to dismiss which was granted. Defendants' motion was entitled a Motion to Dismiss, but it was supported by evidentiary matter which requires that the judgment be reviewed as a summary judgment. T.R.C.P. Rule 12.02.

The complaint, filed on April 2, 1996, stated:

4.     On February 9, 1994, plaintiff filed in the Juvenile Court a paternity suit against one James Mitchell Hayner.

5.     By agreement, the parties submitted blood samples to the defendants for testing.

6.     On or about May 6, 1994, defendants reported that the results of the test were negative as to Hayner.

7.     Thereafter plaintiff protested to the defendant, Niblack, who assured her of the accuracy of the test result.

8.     On May 29, 1995, on motion of plaintiff, the Juvenile Court ordered a further test which indicated 99.95% probability of paternity of Haynes.

9.     On October 11, 1995, an employee of defendants testified to the Juvenile Court that a grievous error was committed in the first test and that defendants had failed to notify plaintiff or the Court of the error.

Defendants' "Motion to Dismiss" stated that it was filed "pursuant to Rule 12.02 and 56.02" and upon the ground of the statute of limitations. Attached to the motion were certified copies of plaintiff's petition to the Juvenile Court motion for additional blood test, an order sustaining the motion, and an affidavit of a former assistant district attorney.

The order of dismissal does not state the ground upon which it was granted.

On appeal, the plaintiff insists that the one-year statute of limitations (T.C.A. § 29-26-116) did not begin to until the "discovery of the injury."

Defendants concede that this is the statutory rule, but rely upon evidence of discovery more than one year before suit was filed. Plaintiff's petition to the Juvenile Court states:

> Petitioner and Respondent engaged in sexual intercourse; however, they were not married. Petitioner would further state that Respondent is the only person with whom she had sexual relations with prior to, during and after the conception of the minor child. Petitioner would state that she and Respondent had sexual intercourse during her fertile period and Respondent is the father of the unborn child, who is a baby girl. The unborn child was conceived in May or June, 1993, and is due to be born in mid-February, 1994.

Defendant argues that a reasonable person having personal knowledge of the facts stated in the foregoing quotation would be immediately aware that the result of the first test was incorrect. Defendants' cite no authority holding that the quoted language of the petition constitutes evidence of notice of error. Absent expert evidence of the relevant physical and natural rules, and evidence that such rules are matters of public knowledge, this Court is not disposed to hold that the statements of the petition show receipt of reasonable notice of error.

In like manner, defendants rely upon the following statements in plaintiff's motion for a second test:

> For cause, Movant would verily state unto the Court that no one else had access to her during the time the minor child was conceived. Further, Dr. Gary Niblack of Gene Proof Technologies, where the initial test was conducted, informed Movant's attorney that there may have been some problems with the test procedures during the time the initial blood was performed.

This Court is unwilling to hold that an admission that "there may have been some problems with the test" constituted notice that there was negligence in conducting the test or inaccuracy in the result.

Defendants rely upon the doctrine of judicial estoppel to deny that which has been asserted in a former proceeding. The doctrine might estop plaintiff from denying the truth of that which was asserted in the former proceeding; but, in this case, the situation is not so simple. Defendants seek to estop plaintiff from denying notice of errors in the test because she asserted facts from which a reasonable person would derive notice.

Appellant does not deny knowledge of the facts; she denies that the facts constituted notice to a reasonable person.

-4-

Finally, defendants argue that plaintiff's assertion that a defendant admitted that "there may have been some problem with the test procedure" effectively disproves any allegation of concealment. This Court does not agree. The test result was either correct or incorrect. "A problem" does not designate either a correct or an incorrect result, and the correctness or incorrectness was never ascertained and reported to plaintiff until the completion of the second test.

A complaint should not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that plaintiff can prove no state of facts in support of his claim that would entitle him to relief. *Sullivant v. Americana Homes, Inc.*, Tenn. App. 1980, 605 S.W.2d 246, 248.

In respect to the present summary judgment, the determinative question of fact is whether the facts known to plaintiff a year before suit constituted reasonable notice to plaintiff that she had been injured by wrongful conduct of defendants.

As a general rule, negligence cases are not amenable to summary judgment proceedings unless, from all the facts together with the inferences from them, the facts and inferences are so certain and uncontroverted that reasonable minds must agree. *Keene v. Cracker Barrel Old Country Store*, Tenn. App. 1992, 853 S.W.2d 501, 505.

The burden of showing that there is no genuine issue of fact falls on the party moving for summary judgment. *Tucker v. Metro. Government*, Tenn. App. 1984, 686 S.W.2d 87, 92. The defendants have failed to carry that burden.

Generally, the issue of reasonable care and diligence in discovery of an injury is a question of fact for the jury. *Gosnell v. Ashland Chemical Company, Inc.*, Tenn. App. 1984, 674 S.W.2d 737, 740.

The first record of effective notice of false test result is the admission in the complaint that the result of the second test was reported on June 6, 1995, which was less than one year prior to the filing of the present suit.

The judgment of the Trial Court is reversed and vacated. The cause is remanded to the Trial Court for further proceedings. Costs of this appeal are taxed against the defendants.

**REVERSED, VACATED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION


CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE