# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

_____

| | | |
|---|---|---|
| **MELBA ROBBINS and DEWEY ROBBINS,** | ) | |
| | ) | |
| Plaintiffs/Appellants, | ) | Shelby Law No. 46665 T.D. |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **MEMPHIS LITTLE THEATRE PLAYERS** | ) | Appeal No.  02A01-9601-CV-00018 |
| **ASSOCIATION a/k/a THEATRE MEMPHIS** | ) | |
| **a/k/a MEMPHIS LITTLE THEATRE,** | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

**FILED**

**September 23, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

### APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
### AT MEMPHIS, TENNESSEE

## THE HONORABLE JAMES M. THARPE, JUDGE

For the Plaintiffs/Appellants:

John C. Wagner
Memphis, Tennessee

For the Defendants/Appellees:

Joe Lee Wyatt
Memphis, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, JUDGE

CONCUR:

ALAN E. HIGHERS, J.

BROOKS McLEMORE, SP. J.

## OPINION

This is a slip-and-fall case. At the end of the plaintiffs' proof, the trial court granted the defendant a directed verdict, based on a lack of evidence of causation and of the defendant's creation or knowledge of the dangerous condition. We affirm.

On June 22, 1991, at approximately 7:45 p.m., Appellants Melba Robbins ("Mrs. Robbins") and Dewey Robbins ("Mr. Robbins") arrived to see a play at a theater run by Appellee Memphis Little Theatre Players Association ("the Theatre"). The Robbins went to the entrance to the theater's upper seating area, where they were met by an usher. The usher was holding some theater programs in her hands and was cradling a large number of programs between her left arm and her body. The usher took Mr. and Mrs. Robbins' tickets but did not give them a program. She led them single file down into the seating area, with Mrs. Robbins directly behind her and Mr. Robbins following.

The aisle to the theater had alternating wide steps and narrow steps. Mrs. Robbins stepped down onto the first narrow step. She was following closely behind the usher, who effectively blocked her view of the steps. There were no hand rails. Her right foot slipped on something "slick," and she fell down three or four steps, sustaining a compound fracture in her right leg.

A paramedic in the audience rushed to her aid, as did Mr. Robbins. A Theatre employee subsequently appeared and asked Mr. and Mrs. Robbins to fill out an accident form. As all this was going on, Mrs. Robbins saw a crumpled program lying on the step immediately behind her. She had not seen it before the fall. Several people helped carry her out into the foyer, and the paramedic handed Mr. Robbins her purse, a shoe, and the crumpled program.

Mr. and Mrs. Robbins subsequently filed a premises liability lawsuit against the Theatre. At the jury trial, Mr. and Mrs. Robbins testified. At one point during Mrs. Robbins' testimony, when asked to describe how the program was crumpled, she responded:

> A.      I don't know whether it was the front or the back of the program. I don't know how it happened, but it was crumpled up -- and I don't want to do this one -- as if someone had actually stepped on it and crumpled it. This is a very firm, slick paper, and it just doesn't happen if you just dropped it, it doesn't just happen that it would crumple like that.

After a bench conference, the court sustained the Theatre's objection and instructed the jury to disregard Mrs. Robbins' last response. During Mr. Robbins' testimony, he also said that the program "looked like someone had stepped on it." The Theatre objected. The trial court replied, "We already spoke about that," apparently sustaining the objection.

In addition, the paramedic from the theater's audience testified, and the Robbins read into

evidence the deposition testimony of the treating physician and of the Theatre's general manager.

At the close of the plaintiffs' proof, the Theatre moved for a directed verdict, pointing out that no one had seen the program on the steps prior to the fall, no one knew who had dropped it, and no one could testify that Mrs. Robbins actually slipped on the program. In addition, the crumpled program, which had been given to Mr. Robbins, had not been introduced into evidence, and no one knew what had happened to it. The trial court, stating that "it would be pure speculation to allow this jury to get this case for consideration," granted the directed verdict. Mr. and Mrs. Robbins' subsequent motion to reconsider or grant a new trial was denied. They now appeal to this Court.

On appeal, Mr. and Mrs. Robbins raise several issues, which can be narrowed down to two. They assert that the trial court improperly sustained the Theatre's objection to the testimony that the program looked like it had been stepped on. In addition, they argue that there was sufficient evidence from which the jury could find the Theatre liable, and that the trial court erred in granting a directed verdict.

Mr. and Mrs. Robbins argue on appeal that the trial court erred in not allowing testimony to the effect that the crumpled program looked like it had been stepped on. They concede that testimony that the program could not have been crumpled any other way was properly excluded, but they argue that the testimony that the program looked like it had been stepped on was proper lay opinion under Tennessee Rules of Evidence 701.

The trial court has great discretion in the admission or rejection of evidence, and the court's action will be overturned on appeal only when there is a showing of abuse of discretion. ***Otis v. Cambridge Mut. Fire Ins. Co.***, 850 S.W.2d 439, 442 (Tenn. 1992). At the time of the trial, Rule 701 provided, in pertinent part:

> (a) Generally. If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences where:
>
> (1) The opinions and inferences do not require a special knowledge, skill, experience, or training;
>
> (2) The witness cannot readily and with equal accuracy and adequacy communicate what the witness has perceived to the trier of fact without testifying in terms of opinions or inferences; and

(3) The opinions or inferences will not mislead the trier of fact to the prejudice of the objecting party.

Tenn. R. Evid. 701(a).[1] In this case, the crumpled condition of the program could have been described without opining that it looked "stepped on." The trial court did not abuse its discretion in disallowing this testimony.

Second, the Robbins argue that they presented sufficient evidence for the jury to find the Theatre liable. Therefore, they maintain that the trial court erred in granting the Theatre's motion for directed verdict.

In reviewing a trial court's grant of a motion for directed verdict, the appellate court must examine all the evidence, take the strongest legitimate view of that evidence in favor of the party opposing the motion, draw any reasonable inferences from the evidence in favor of that party, discard all countervailing evidence, and reverse the trial court if there remains any material fact dispute or doubt as to the proper conclusions to be drawn from all the evidence. *Hurley v. Tennessee Farmers Mut. Ins. Co.*, 922 S.W.2d 887, 891 (Tenn. App. 1995). If the record contains any material evidence in support of a verdict for the non-moving party under any of his theories, then this Court must reverse. *Id.*

In order to prevail in a negligence action, a plaintiff must prove each of the following elements: a duty of care owed him by the defendant, a breach of that duty, an injury, causation in fact, and proximate cause. *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). In a premises liability action where the plaintiff has been injured by a dangerous condition, he must prove either that the defendant had actual or constructive knowledge of the condition or that the defendant caused the condition. *Keene v. Cracker Barrel Old Country Store*, 853 S.W.2d 501, 503 (Tenn. App. 1992).

---

[1]In 1996, Rule 701 was amended to read as follows:

(a) Generally. If a witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are

(1) rationally based on the perception of the witness and

(2) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue.

Tenn. R. Evid. 701(a). Our decision would be the same under this version of the Rule.

3

To determine whether the trial court erred in granting the Theatre's motion for directed verdict, we must examine the Robbins' proof that (1) slipping on the crumpled theater program was the cause of her injury, and (2) the Theatre had actual or constructive knowledge that the program was on the theater's steps or that an employee of the Theatre caused the program to be on the step.

In this case, the evidence was that Mrs. Robbins slipped because she stepped on something "slick," that the paper on which the theater programs were printed had a "slick" surface, and that a crumpled program was found near Mrs. Robbins after she fell. The Robbins argue that a jury could permissibly infer from this evidence that the crumpled theater program caused Mrs. Robbins' fall. The Theatre argues that the proof that the crumpled theater program was the cause of Mrs. Robbins' fall is too speculative, where no one saw the program on the steps prior to Mrs. Robbins' fall, the program was not introduced into evidence, and no one knew what happened to it.

While a jury is not permitted to speculate regarding two equally probable inferences, a plaintiff, to bring his case before the jury, need not produce evidence that excludes every other reasonable conclusion. *Benson v. H. G. Hill Stores, Inc.*, 699 S.W.2d 560, 563 (Tenn. App. 1985). The plaintiff need only present proof which, if found credible, makes the plaintiff's theory more probable than that of the defendant. *Id.* Although the plaintiff's evidence is far from strong, it is sufficient for a jury to conclude that the crumpled theater program was the cause of Mrs. Robbins' fall.

However, the Robbins presented no evidence that an employee of the Theatre either caused the dangerous condition by dropping the program or had actual or constructive notice of its presence. No one saw the program before the fall. It could have been dropped by an employee or a patron and could even have been dropped immediately after the fall. Under these circumstances, the Theatre argues that it is too speculative to permit a jury to infer that the usher dropped it or that it had been on the steps sufficiently long enough for an employee to have knowledge of it. The Theatre cites *Jones v. Zayre, Inc.*, 600 S.W.2d 730 (Tenn. App. 1980), in which this Court upheld a directed verdict. The plaintiff in *Jones* slipped on a plastic clothes clip at the defendant store. There was no evidence of how the clip got on the floor, how long it had been there, or that the defendant or any of his employees knew it was there. This Court held that there was no evidence that the store either

4

caused the dangerous condition or had actual or constructive knowledge of it. *Id.* at 731-32; *see also Neff v. Southeastern Salvage Co.*, 694 S.W.2d 311, 313 (Tenn. App. 1985).

Mr. and Mrs. Robbins argue that, if the jury can infer from the evidence that the crumpled program caused the fall, it is also reasonable to infer that the program was dropped by the usher or should have been seen on the steps by the usher prior to the fall. It is well settled in Tennessee that an inference cannot be drawn from another inference. *Benton v. Snyder*, 825 S.W.2d 409, 415 (Tenn. 1992). However, a fact may be inferred from circumstantial evidence. If "the evidence supporting the first inference [is of] such a character and so strong that it justifies a conclusion or a finding of fact," then a second fact "may be inferred without contravening the rule that an inference cannot be based upon an inference." *Id.* In the instant case, however, the inference that the program caused Mrs. Robbins to slip and fall is too weak to support a second inference.

To support their argument, the Robbins cite *Keene v. Cracker Barrel Old Country Store, Inc.*, 853 S.W.2d 501 (Tenn. App. 1992). In *Keene*, a customer in a restaurant slipped and fell while following a waitress to her table. Afterwards, her sister discovered two grease spots on the slacks which the plaintiff had been wearing at the time of the accident. *Id.* at 502. The Court determined that there was enough evidence to support a prima facie case of negligence and that summary judgment had thus been improperly granted to the restaurant. *Id.* at 504. The evidence indicated that the grease was the type found in that restaurant, and that only employees carried food to and from the tables. There was no other explanation for the grease stains on the plaintiff's slacks. The Court found that it was reasonable to infer that any grease on the floor must have been spilled by an employee. The Court also found that it was reasonable to infer from the stains on the plaintiff's slacks that negligently spilled grease caused her to fall. *Id.*

The facts in this case, however, are distinguishable from *Keene*. In *Keene*, the evidence showed that the grease could have come from no source other than an employee. In the instant case, either a patron or an employee could have dropped the program. Thus, unlike *Keene*, there is no evidence that it was more likely than not that the dangerous condition was caused by the defendant.

Mr. and Mrs. Robbins also cite *Simmons v. Sears, Roebuck & Co.*, 713 S.W.2d 640 (Tenn. 1986). In *Simmons*, the plaintiff's foot slipped on something while he was descending some stairs at a department store. He fell and sustained injuries. *Id.* at 640-41. After the fall, someone discovered a pencil at about the same spot where the plaintiff fell. Nothing in the record showed

5

who dropped the pencil or how long it had been on the stairs. The trial court granted the defendant a directed verdict, concluding that the plaintiff had failed to demonstrate actual or constructive knowledge on the part of the store for a period of time long enough to rectify the problem. The Court of Appeals affirmed. *Id.* at 641.

The Tennessee Supreme Court reversed. *Id.* at 642. The Court cited testimony that the stairs were littered with debris and that store employees had been using the stairs, in their littered condition, for at least fifteen minutes prior to the accident. *Id.* at 640-41. Under these circumstances, the Court found that it did not matter whether the pencil had caused the fall. There was so much litter on the steps that it was evident that some of this litter, whether the pencil or not, had caused the plaintiff to slip. In addition, the evidence indicated that the litter had been on the steps long enough that the employees using the stairs should have noticed the debris and taken action to clean it up or warn customers. Thus, the store had at least constructive knowledge of the dangerous condition. *Id.* at 641-42.

In this case, unlike *Simmons*, the Theatre's stairs were not littered with debris. Consequently, it is not evident that, if the program did not cause the slip, the slip must have been caused by some other condition for which the Theatre was responsible. Moreover, there was no evidence of how long the crumpled program had been on the floor and whether or not the Theatre should have known of it. Therefore, unlike *Simmons*, there is no evidence that the Theatre had actual or constructive knowledge of the alleged dangerous condition.

Accordingly, we must conclude that the evidence was insufficient to permit the jury to find that the Theatre caused the alleged dangerous condition or had actual or constructive knowledge of it.

The Robbins also assert on appeal that the trial court's disallowance of their testimony that the program looked "stepped on" caused confusion to the jury. This issue is pretermitted by our affirmance of the trial court's grant of the Theatre's motion for directed verdict.

In sum, we affirm the trial court's decision to disallow the Robbins' testimony that the theater program looked as though it had been "stepped on." The evidence was barely sufficient for the jury to find that the crumpled program caused Mrs. Robbins' fall. However, the Robbins presented no evidence that the Theatre caused the alleged dangerous condition or had actual or constructive knowledge of it. Any other issues raised on appeal are pretermitted by this holding.

6

The trial court is affirmed.  Costs are assessed against Appellants, for which execution may issue if necessary.


_____HOLLY KIRBY LILLARD, J.

**CONCUR:**


_____
**ALAN E. HIGHERS, J.**


_____
**BROOKS McLEMORE, SP. J.**