IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 15, 2020 Session

## CHARLENE LYON v. CASTLE RETAIL GROUP, LLC

**Appeal from the Circuit Court for Shelby County**
**No. CT-002803-15  Robert Samual Weiss, Judge**

_____

**No. W2019-00405-COA-R3-CV**
_____

This appeal involves a trip and fall premises liability case filed against a supermarket by one of its customers.  The trial court granted summary judgment to the defendant because the plaintiff's evidence did not tend to show the defendant had either actual or constructive notice of a dangerous condition that would give rise to a duty to either warn the plaintiff of the condition or remove the condition.  For the following reasons, we agree that the defendant lacked actual or constructive notice of a dangerous condition in its store, and affirm the trial court's award of summary judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded.**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Charlene Lyon, Memphis, Tennessee, Pro Se.

Tracy Aaron Overstreet and Jeffrey E. Nicoson, Memphis, Tennessee, for the appellee, Castle Retail Group, LLC.

## OPINION

### I.     FACTS & PROCEDURAL HISTORY

Plaintiff Charlene Lyon filed this lawsuit on July 2, 2015, against Castle Retail Group, LLC ("Defendant" or "CRG"), a limited liability company, with its principal place of business located in Memphis, Tennessee; and "John Doe."[1]  Defendant filed its

_____

[1] According to the complaint, "John Doe" was added as a fictitious name due to Plaintiff being

answer on August 10, 2015. Plaintiff tripped and fell at Defendant's grocery store at 1620 Madison Avenue in Memphis, Tennessee on July 2, 2014, giving rise to this suit.

On the date in question, Plaintiff entered Defendant's store to shop for grocery items, accompanied by Muhammed Madyun. While in the checkout aisle, Plaintiff reached down to retrieve an item and tripped and fell. As a result, Plaintiff sustained personal injuries to her back, hips, and knees. She was admitted to a local emergency room shortly after the accident, and also incurred other medical expenses. Plaintiff claims her right foot was caught on a piece of metal which she did not see protruding from the base of a magazine display rack in the checkout area. To Defendant's knowledge, this was the first trip and fall in its store allegedly caused by a magazine rack.

Plaintiff's fall was recorded in an accident report completed by an employee of the store. Subsequent investigation of the scene showed the floor was dry and revealed no other item in the aisleway that may have caused Plaintiff's fall. Mark Gatlin, Vice President of CRG and the store's manager, stated that the magazine display rack is one of many placed at checkout areas of the store. Mr. Gatlin also stated that the racks are "virtually immobile," weighing between 500 and 600 pounds, and act as fixtures in the store. Mr. Gatlin further stated that Defendant's employees inspected the magazine rack after Plaintiff's fall and found no dangerous or defective conditions.

After Plaintiff was discharged from the emergency room (and on the same day of the injury), Mr. Madyun returned to the store and photographed the base of the display rack where Plaintiff fell. Plaintiff claims that Mr. Madyun's photograph shows the metal protruding into the aisle as a trip hazard. At various times in the years following Plaintiff's accident, Mr. Madyun took additional photographs of the same display rack and others inside the store. Plaintiff claims the photographs collectively show that Defendant conducted its business in a manner that was likely to cause injury due to the "hazardous condition" of the various display racks throughout the years.

Defendant filed a motion for summary judgment on December 18, 2018, claiming it had no actual or constructive notice of the magazine display rack's potential to cause injury. Defendant claimed Plaintiff's injury was not foreseeable, and her claim, therefore, failed as a matter of law. Plaintiff responded on January 15, 2019, submitting her own affidavit, an affidavit of Mr. Madyun, and nine photographs taken by Mr. Madyun to support her claim. The trial court heard the motion on January 18, 2019. At the conclusion of the proceeding, the court granted Defendant's motion for summary

unaware of the party's true identity, and the complaint was to be amended at a later time when Plaintiff ascertained the identity of the party through discovery. Although the case was pending for over three years, the identity of John Doe was never ascertained. Plaintiff never amended her complaint, which simply assigned liability to "agents, servants and/or employees" of Defendant. As a result, on January 28, 2020, the trial court entered an order dismissing "John Doe" as a defendant, denying Plaintiff's claim for damages against the party. Therefore, we have only one defendant for the purposes of this appeal.

judgment and dismissed Plaintiff's claim. The court found that Defendant had no actual or constructive notice of a dangerous condition near the magazine display rack, negating an essential element of Plaintiff's claim. On January 31, 2019, the trial court entered a written order memorializing its oral ruling. Plaintiff timely appealed.

## II. ISSUE PRESENTED

Plaintiff raises one issue on appeal, which we summarize as: whether the trial court improperly granted summary judgment for Defendant due to Defendant having had constructive notice of a dangerous condition where Plaintiff tripped and fell.

## III. STANDARD OF REVIEW

A trial court's decision on a motion for summary judgment is reviewed de novo with no presumption of correctness. *Kershaw v. Levy*, 583 S.W.3d 544, 547 (Tenn. 2019) (citing *Beard v. Branson*, 528 S.W.3d 487, 494–95 (Tenn. 2017)). On appeal, we must "make a fresh determination about whether the requirements of Rule 56 have been met." *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 887 (Tenn. 2019) (citing *Rye v. Women's Care Ctr. of Memphis*, 477 S.W.3d 235, 250 (Tenn. 2015)). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

A moving party who does not bear the burden of proof at trial can meet its burden of production "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *TWB Architects, Inc.*, 578 S.W.3d at 887 (quoting *Rye*, 477 S.W.3d at 264). Then, "[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Id.* at 889 (quoting *Rye*, 477 S.W.3d at 265). We accept the evidence presented by the nonmoving party as true, allow all reasonable inferences in its favor, and resolve any doubts about the existence of a genuine issue of material fact in its favor. *Id.* at 887.

Additionally, Plaintiff has been a pro se litigant for the entirety of this case. Tennessee courts afford pro se litigants a certain amount of leeway in trying their cases while maintaining fairness to the opposing party. Accordingly:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary

between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Young v. Barrow*, 130 S.W.3d 59, 62–63 (Tenn. Ct. App. 2003) (citations omitted). *See also Kondaur Capital Corp. v. Finley*, No. W2019-00143-COA-R3-CV, 2019 WL 5067195, at *2 (Tenn. Ct. App. Oct. 9, 2019); *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 551 (Tenn. Ct. App. 2015).

## IV. DISCUSSION

A premises liability claim is one of negligence, requiring the plaintiff to prove five essential elements: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation." *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998) (citing *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993)). Additionally, in a slip or trip and fall case, the plaintiff must show the dangerous condition was created by the defendant or its agent or "if the condition was created by someone other than the owner, operator, or [its] agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident." *Parker v. Holiday Hosp. Franchising, Inc.*, 446 S.W.3d 341, 350 (Tenn. 2014) (quoting *Blair v. W. Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004)).

A defendant has a duty to licensees and invitees on its premises to exercise reasonable care to remove or warn against dangerous conditions on the premises "of which [the defendant] was aware or should have been aware through the exercise of reasonable diligence." *Rice*, 979 S.W.2d at 308 (citing *Blair v. Campbell*, 924 S.W.2d 75, 76 (Tenn. 1996); *Eaton v. McLain*, 891 S.W.2d 587, 593–94 (Tenn. 1994)). However, "[b]usiness proprietors are not insurers of their patrons' safety." *Blair v. W. Town Mall*, 130 S.W.3d at 764; *see also Hunter v. Kroger Ltd. P'ship I*, No. W2017-01789-COA-R3-CV, 2018 WL 5793562, at *3 (Tenn. Ct. App. Nov. 5, 2018). Meaning, "[t]he duty imposed on the premises owner or occupier . . . does not include the responsibility to remove or warn against 'conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care.'" *Rice*, 979 S.W.2d at 309 (quoting W. Page Keeton, *Prosser & Keeton on Torts*, § 61 at 426 (5th ed. 1984)). Unless the defendant has actual or constructive notice of a dangerous condition on its premises, it does not owe a duty to warn of or remove the dangerous condition. *See Blair*, 130 S.W.3d at 764.

Actual notice is defined as "knowledge of facts and circumstances sufficiently pertinent in character to enable reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts." *Kirby v. Macon Cty.*, 892 S.W.2d 403, 409 (Tenn.

1994) (quoting *Tex. Co. v. Aycock*, 227 S.W.2d 41, 46 (Tenn. 1950)). Constructive notice is "information or knowledge of a fact imputed by law to a person (although he may not actually have it) because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it." *Parker*, 446 S.W.3d at 351 (quoting *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 15 (Tenn. 1997)).

As this court has previously explained, there are three possible avenues for a plaintiff to prove constructive notice:

> First, a plaintiff may demonstrate that the owner or operator of the premises caused or created the condition. *See Sanders v. State,* 783 S.W.2d 948, 951 (Tenn. Ct. App. 1989). Second, if a third party caused or created the dangerous condition, a plaintiff may prove constructive notice by evidence that the condition "existed for a length of time" that the owner/occupier "in the exercise of reasonable care, should have become aware of that condition." *Elkins v. Hawkins County,* No. E2004-02184-COA-R3-CV, 2005 WL 1183150, at *4 (Tenn. Ct. App. May 19, 2005). . . . [Third,] by proving that "a pattern of conduct, recurring incident, or general continuing condition" caused the dangerous condition. *Blair v. West Town Mall,* 130 S.W.3d 761, 765–66 (Tenn. 2004).

*Merrell v. City of Memphis*, No. W2013-00948-COA-R3-CV, 2014 WL 173411, at *5 (Tenn. Ct. App. Jan. 16, 2014). Without facts that indicate there is a potential for future harm, constructive notice cannot be assigned, and a potential injury is unforeseeable. *See Coln v. City of Savannah*, 966 S.W.2d 34, 43 (Tenn. 1998), *overruled on other grounds by West v. E. Tenn. Pioneer Oil Co.*, 172 S.W.3d 545 (Tenn. 2005); *Rice*, 979 S.W.2d at 309 (stating "foreseeability is the test of negligence") (quoting *Doe v. Linder Constr. Co.*, 845 S.W.2d 173, 178 (Tenn. 1992)); *Jobe v. Goodwill Indus. of Middle Tenn., Inc.*, No. M2017-02299-COA-R3-CV, 2018 WL 2671613, at *2 (Tenn. Ct. App. June 4, 2018) ("Negligence [cannot] be presumed by the mere happening of an injury or accident.").

There is no allegation that Defendant had actual knowledge of metal protruding out from the magazine display rack. Also, there is no evidence tending to show Defendant's employees caused the piece of metal to protrude outward. Therefore, constructive notice is the critical issue in this case. Plaintiff argues two forms of constructive notice are applicable to show Defendant had a duty to warn of or remove the protruding metal. First, Plaintiff argues that the display rack's dangerous condition existed for such a length of time that Defendant, in exercising reasonable care, should have noticed it. Second, Plaintiff argues that all of the magazine display racks in Defendant's store collectively show a "pattern of conduct" or "general continuing condition" that created a dangerous condition. Assuming *arguendo* Plaintiff's trip and fall was the result of a dangerous condition, Defendant asserts it lacked constructive

notice that required it to warn of or remove the protruding metal.

Plaintiff has failed to present evidence that tends to show how long the metal on the display rack had been protruding prior to her fall. All of Plaintiff's photographs of the scene were taken *after* her fall. Also, Defendant is unaware of any other person prior to Plaintiff having tripped and fallen due to this display rack. There is no assertion the floor was wet or that other items were present as potential trip hazards. Plaintiff merely asserts there was "dirt and waxy residue" on the floor near the protruding piece of metal.[2] Without an approximate timeframe establishing how long the metal stuck out into the aisle, Plaintiff cannot establish that Defendant had constructive notice of it protruding as a dangerous condition. *See Hardesty v. Serv. Merch. Co.*, 953 S.W.2d 678, 682 (Tenn. Ct. App. 1997) (stating "constructive knowledge cannot be established without some showing of the length of time of the dangerous condition had existed") (citing *Self v. Wal–Mart Stores, Inc.*, 885 F.2d 336, 338 (6th Cir. 1989)).

Plaintiff's inability to show a timeframe prior to her accident makes her case analogous to the factual situation presented to this court in *Hardesty v. Serv. Merch. Co.*. In *Hardesty*, Ms. Hardesty tripped over a bed rail while shopping at the defendant's department store, causing her to fall and fracture her hip. 953 S.W.2d at 680, 682. The plaintiffs argued that the store had constructive notice of the bed rail, evidenced by the rail remaining in the aisle *after* Ms. Hardesty's fall. *Id.* at 682. The court responded, "[w]hile [Ms. Hardesty's] testimony that the bed rail was protruding into the aisle for some 24 hours after the accident would be persuasive as to notice for *a subsequent accident*, we do not find that it has any bearing on the facts surrounding the instant cause." *Id.* at 682–83 (emphasis added). The court found a *prima facie* case of negligence could not be found because the plaintiff failed to present "proof as to how long before the accident the bed rail had protruded into the aisle." *Id.* at 683 (stating "a plaintiff must submit proof as to how long the allegedly dangerous condition existed prior to the accident"). Similarly, Plaintiff's claims that the piece of metal remained protruding into the aisle after she fell only establish constructive notice for *subsequent* accidents in Defendant's store.

Likewise, Plaintiff has not presented evidence tending to show "a pattern of conduct, a recurring incident, or a general continuing condition" that establishes constructive notice of the protruding metal. *See Blair*, 130 S.W.3d at 765–66; *Merrell*, 2014 WL 173411, at *5. Plaintiff relies on the facts of *Blair v. W. Town Mall* to support her claim. In *Blair*, the plaintiff slipped and fell on oil slicks in the parking lot of the defendant's mall. *Blair*, 130 S.W.3d at 762. The plaintiff claimed it was foreseeable that the buses and other cars in the parking lot would occasionally leak engine fluids and

---

[2] Plaintiff makes this assertion in arguing Defendant failed to properly inspect and remedy the aisle's conditions. As discussed herein, our decision does not reach a need to discuss whether Defendant failed to properly inspect the aisle's conditions.

create a slick surface. *Id.* at 763. Reversing the trial court's grant of summary judgment, our supreme court affirmatively established the "pattern of conduct, recurring incident, or a general or continuing condition" approach to constructive notice, as stated in *Merrell*. *Id.* at 765–66. Subsequently, though, the court stated it "express[ed] no opinion as to whether [West Town Mall] . . . had constructive notice of the dangerous condition alleged." *Id.* at 767. While this approach is available to prove constructive notice, the *Blair* decision offers no support for Plaintiff's claim under the facts of this case.

Plaintiff also cites *Simmons v. Sears Roebuck & Co.*, 713 S.W.2d 640 (Tenn. 1986) to support her claim. In *Simmons*, the plaintiff fell walking down a flight of stairs in the defendant's store. *Id.* at 640–41. The plaintiff claimed that his fall was likely caused by the debris of food-related items from the in-store concession stand that accumulated on the steps. *Id.* at 641. Unlike the piece of metal on CRG's magazine stand, in *Simmons* there was no dispute as to debris accumulating on the stairs. *See id.* at 641–42. Further, the defendant's employees traversed the same stairs throughout the day, putting them on notice of the condition and need to remove the debris. *Id.* at 642. In contrast, there is no evidence to suggest Defendant's employees regularly walked through the checkout aisle where the metal protruded, and there are no other facts that indicate it was clearly visible yet ignored by employees.[3]

Plaintiff's trip and fall appears to be a random occurrence, which is insufficient to establish constructive notice. *Katz v. Sports Auth. of Metro. Gov't of Nashville & Davidson Cty.*, No. M2016-01874-COA-R3-CV, 2017 WL 3741346, at *5 (Tenn. Ct. App. Aug. 29, 2017). The plaintiff in *Katz* sustained a slip and fall injury due to liquid on the floor of a concert arena. *Id.* at *1. Ms. Katz pointed to other wet-spot slips at the arena that day to show a "pattern of conduct, a recurring incident, or a general or continuing condition" that established constructive notice of the dangerous condition. *Id.* at *3 (quoting *Parker*, 446 S.W.3d at 351–52). This court affirmed the grant of summary judgment for the defendant, stating Ms. Katz failed to present "evidence that the wet spills in the arena where she fell occurred with such regularity that the dangerous condition was reasonably foreseeable." *Id.* at *5. We reach the same conclusion in the present case.

---

[3] Plaintiff also argues that *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585 (Tenn. 1998), and *Johnson v. Dupree Oil Co.*, No. E2004-01433-COA-R3-CV, 2005 WL 1981799 (Tenn. Ct. App. Aug. 16, 2005), support the denial of summary judgment in this case. However, both cases are distinguishable. *McCarley* did not involve a slip and fall; rather, the plaintiff brought suit after he contracted food poisoning. *McCarley*, 960 S.W.2d at 587. It was undisputed the defendant owed a duty to provide food free from contamination. *Id.* at 588 n.3. Instead, the issues on summary judgment were breach of defendant's duty and the cause of the plaintiff's injuries. *Id.* at 588. In *Johnson*, the plaintiff tripped over a raised portion of asphalt in the defendant's parking lot. *Johnson*, 2005 WL 1981799, at *7. There was no question as to whether the store had knowledge of the pavement's condition. *Id.* Therefore, neither case involved an issue of notice.

There is no evidence that shows Defendant's use of its magazine display racks was a "pattern of conduct, a recurring incident, or a general or continuing condition" sufficient to put Defendant on constructive notice of a dangerous condition. Again, Defendant was not aware of, and there is no evidence tending to show, previous trips and falls due to the magazine display racks in its store. Plaintiff's assertions that "bumper guards" should have been installed on the magazine racks to prevent similar falls does not speak to whether Defendant had a duty to take such remedial measures. Plaintiff's photos of the magazine racks in the years following her accident that show a "continuous hazardous condition" have no bearing on the condition of the magazine rack she tripped on nor do they aid in showing that her injury was foreseeable. *See Blair*, 130 S.W.3d at 764 (stating unless the defendant or its agents created the condition, notice must "exist[] prior to the accident"). While it is unfortunate Plaintiff suffered injuries as a result of her fall, a single accident, on its own, does not establish foreseeability in a negligence case. *See, e.g.*, *Rice*, 979 S.W.2d at 309; *Jobe*, 2018 WL 2671613, at *2.

For these reasons, we agree with the trial court's grant of summary judgment for Defendant. Defendant has presented sufficient evidence that shows it did not have actual or constructive notice that the magazine display rack was a dangerous condition. As a result, Defendant negated duty as an essential element of Plaintiff's claim. In response, Plaintiff has failed to produce evidence that shows Defendant did in fact have notice of a dangerous condition. *See Rye*, 477 S.W.3d at 264–65 (discussing a nonmovant's burden at the summary judgment stage). Therefore, lacking an essential element to her negligence action, Plaintiff's claim fails.

## V. CONCLUSION

For the aforementioned reasons, the judgment of the circuit court is hereby affirmed, and this cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to appellant, Charlene Lyon, for which execution may issue if necessary.

s/ Carma Dennis McGee
CARMA DENNIS MCGEE, JUDGE