IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

_____

MARVIN MCCARLEY and
ELLISE MCCARLEY,

    Plaintiffs-Appellants,

Vs.

WEST QUALITY FOOD SERVICE,

    Defendant-Appellee.

Hardeman Circuit No. 8541
C.A. No. 02A01-9505-CV-00107

FILED

June 13, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

_____

FROM THE HARDEMAN COUNTY CIRCUIT COURT

THE HONORABLE JON KERRY BLACKWOOD, JUDGE

T. Verner Smith of Jackson
For Appellants

Clinton V. Butler, Jr., and Dale Conder, Jr., of Rainey, Kizer,
Butler, Reviere & Bell of Jackson
For Appellee

*AFFIRMED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**DAVID R. FARMER, JUDGE**

**HEWITT P. TOMLIN, JR., SENIOR JUDGE**

    Plaintiffs, Ellise and Marvin McCarley, appeal from the order of the trial court granting

summary judgment in favor of the defendant, West Quality Food Service, doing business as

Kentucky Fried Chicken in Bolivar, Tennessee.

On August 3, 1993, Ellise McCarley purchased fried chicken from the Kentucky Fried Chicken store in Bolivar, Tennessee, and immediately took the chicken home. That evening Ellise and Marvin McCarley, as well as the McCarley's daughter and two grandchildren, ate the fried chicken for dinner. Mrs. McCarley ate one piece of chicken but did not have any more because she felt that the meat did not smell or look "just right." She did not tell Mr. McCarley or the other family members not to eat any more of the chicken.

On the morning of August 4, 1993, Mr. McCarley awoke with classic symptoms of food poisoning. Although the other family members who ate the chicken felt nauseous, no one was as adversely affected as Mr. McCarley. He stated in his deposition that he "lay around" the house that day, taking over-the-counter medication in the hope of feeling better. On August 5, 1993, Mr. McCarley went to St. Francis Hospital in Memphis where he was treated by Dr. Mark Young, M.D., an internist. When Mr. McCarley arrived at Saint Francis, his symptoms included abdominal pain, a fever of 103 degrees, chills, generalized aches, and profuse diarrhea. After performing blood cultures, Dr. Young determined that Mr. McCarley was suffering from food poisoning caused by the ingestion of food contaminated with campylobacters, an organism found in the gut of cattle, pigs, and chicken and transmitted when those foods are not properly cooked.

In his deposition, Mr. McCarley testified that the only food he ate on August 3, 1993, prior to eating fried chicken that evening, was his daily breakfast meal consisting of bacon, rice, and eggs. Dr. Young testified that Mr. McCarley's food poisoning could have been caused by campylobacters in either bacon or chicken. He stated that chicken is "at the head of the list," but the only way to have a definite answer is to test a sample of both the chicken and the pork, which was not done.

The sole issue on appeal is whether the trial court properly granted the defendant's motion for summary judgment. A trial court should grant a motion for summary judgement when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn.R.Civ.P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). On a motion for summary

judgment, the trial court and the appellate court must consider the matter in the same manner as a motion for directed verdict made at the close of the plaintiff's proof; that is, the trial court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party and discard all countervailing evidence. *Id.* at 210-11. The phrase "genuine issue" as stated in Tenn.R.Civ.P. 56.03 refers to genuine, factual issues and does not include issues involving legal conclusions to be drawn from the facts. *Id*. at 211. In *Byrd*, the court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn. 1978); *Merritt v. Wilson Cty. Bd. of Zoning Appeals*, 656 S.W.2d 846, 859 (Tenn. App. 1983). In this regard, Rule 56.05 provides that a nonmoving party cannot simply rely upon his pleadings but must set forth **specific facts** showing that there is a genuine issue of material fact for trial. "If he does not so respond, summary judgment . . . shall be entered against him." Rule 56.05 (Emphasis in original).

To establish a prima facie case of negligence, the plaintiff has the burden of proving that the defendant owed the plaintiff a duty, that he breached that duty, and that the plaintiff was injured as a result of the defendant's breach. *Keene v. Cracker Barrel Old Country Store*, 853 S.W.2d 501, 503 (Tenn. App. 1992). Generally, summary judgment is not appropriate in a negligence case. *Brookins v. The Round Table, Inc.*, 624 S.W.2d 547, 550 (Tenn. 1981). Issues such as proximate cause "are peculiarly issues for the trier of fact"; however, they may be resolved by the court where "inferences from uncontroverted facts are so certain that all reasonable men . . . must agree upon them." *Id*.

Where the plaintiff relies upon expert testimony to establish proximate cause, such testimony is not admissible if it amounts to mere speculation. In *Lindsey v. Miami Development Corp.*, 689 S.W.2d 856, 862 (Tenn. 1985), the court stated:

> A doctor's testimony that a certain thing is possible is no evidence at all. His opinion as to what is possible is no more valid that the jury's own speculation as to what is or is not possible. Almost anything is possible, and it is thus improper to allow a jury to consider and base a verdict upon a 'possible' cause of death.

*Id.* Similarly, it would be improper for a jury to base a verdict in favor of plaintiffs on the

*possibility* that Mr. McCarley received food poisoning from Kentucky Fried Chicken products.

In the case at bar, the facts establish that the plaintiffs ate fried chicken from Kentucky Fried Chicken, and that Mr. McCarley was later diagnosed with food poisoning. The parties do not dispute that Kentucky Fried Chicken had a duty to provide its patrons, the plaintiffs, with uncontaminated food product. The cause of Mr. McCarley's food poisoning, however, is less clear. Plaintiffs rely on the testimony of Dr. Young, who stated that either pork or chicken could have caused Mr. McCarley's food poisoning. Dr. Young said that if chicken had been the only meat product Mr. McCarley ate on August 3, 1993, it would, more likely than not, have caused the food poisoning. However, Dr. Young also stated that if Mr. McCarley ate bacon that day, the bacon was a possible source of the damaging bacteria. Dr. Young did **not** state that either the fried chicken or the bacon was the more likely cause of Mr. McCarley's illness.

Proximate cause is an essential element of a plaintiff's claim in a negligence case. *Keene*, 853 S.W.2d at 503. In *Lindsey* the court stated:

> The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant
> . . .

*Id*., 689 S.W.2d at 861 (citing Prosser and Keeton, Torts, § 41, p. 269 (5th ed., 1984)). In the instant case, plaintiffs have not introduced evidence from which a jury could conclude that Mr. McCarley more likely than not received food poisoning from contaminated fried chicken, as opposed to contaminated bacon.

The trial court's order granting plaintiffs' summary judgment is affirmed. Costs of appeal are assessed to the plaintiffs-appellants.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

_____
**DAVID R. FARMER, JUDGE**

_____
**HEWITT P. TOMLIN, JR.**
**SENIOR JUDGE**

4